107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johnnie Ray MAHON, Plaintiff-Appellant,
v.
K.W. PRUNTY, Warden, individually and in his official
capacity; P.D. Washington, individually and in his official
capacity; P. Dedeaux; D. Folkman; D. Day, individually
and in her official capacity; MTA Victor, individually and
in his official capacity; MTA Balley, Defendants-Appellees.
 No. 96-55411.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 06, 1997.
 
 Before: CANBY, HAWKINS and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Inmate Johnnie Ray Mahon appeals the denial of his new trial motion and several alleged defects in his § 1983 action against prison officials for failure to provide prompt dental care. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Mahon argues that he was entitled to a new trial because defense counsel made allegedly prejudicial remarks during his opening statement and closing argument. Counsel mentioned the high level of security at Mahon's prison and that defendants would be personally liable if judgment were entered against them.[1]
 
 
 4
 A court must grant a new trial when impermissible statements "so permeated the trial as to lead to the conclusion the jury was necessarily influenced by passion and prejudice in reaching its verdict." Cooper v. Firestone Tire & Rubber Co., 945 F.2d 1103, 1107 (9th Cir.1991). We review for abuse of discretion the denial of a new trial. California Sansome Co. v. U.S. Gypsum, 55 F.3d 1402, 1405 (9th Cir.1995). The trial court "is in a far better position to gauge the prejudicial effect of improper comments than an appellate court which reviews only on the cold record." Kehr v. Smith Barney, Harris Upham & Co., 736 F.2d 1283, 1286 (9th Cir.1984).
 
 
 5
 We find no indication that the prejudice to Mahon was great enough to require a new trial. As to the comments about the prison, the court gave the following curative instruction:
 
 
 6
 [T]here was a statement made about dangerous persons being at Calipatria. There is no evidence that Mr. Mahon is a dangerous person, and you are not to consider whether or not someone is a dangerous person if they're confined in an institution in deliberating and determining the facts of this case. It's irrelevant. It's a statement that was made that does not have evidentiary support and you must put it out of your mind and not give it any consideration.
 
 
 7
 We assume that the jury followed this instruction. United States v. Mende, 43 F.3d 1298, 1302 (9th Cir.1995). That the record provides ample support for the jury's verdict further reduces the chance that it was the product of prejudice against Mahon.
 
 
 8
 Mahon did not object to the comments about personal liability. We will reverse on a ground not raised in the trial court only if it could "seriously affect the fairness, integrity, or public reputation of judicial proceedings." United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 239 (1939). The references to defendants' potential liability do not meet this standard.
 
 II
 
 9
 Mahon argues that the court should have appointed counsel for him. We review for abuse its discretion its refusal to do so. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). A court may appoint counsel under 28 U.S.C. § 1915(d) only when it finds "exceptional circumstances," taking into account plaintiff's likelihood of success on the merits and ability to articulate his claim. United States v. 30.64 Acres of Land, 795 F.2d 796, 799-800 & n. 8 (9th Cir.1986). Even the portion of Mahon's claims that survived summary judgment was supported only by his declaration. He had little likelihood of success on the merits. And, he has been able to navigate court procedures and to articulate his claims without apparent difficulty. The court did not abuse its discretion.
 
 III
 
 10
 Mahon argues that the court should have sanctioned the government for withholding his legal papers for eight days while he was being processed and transferred for the trial. The court chose instead to continue the trial date, giving him 20 additional days to prepare. Its decision to do so was not an abuse of discretion. United States v. Wunsch, 84 F.3d 1110, 1114 (9th Cir.1996).
 
 IV
 
 11
 Mahon argues that the court should have ordered the government to pay for a full trial transcript under 28 U.S.C. § 753(f). He contends that he would have asserted additional grounds for appeal if he had access to the entire transcript. The court found that his only non-frivolous ground for appeal was the asserted prejudice of defense counsel's remarks about the high security prison. The court therefore granted his motion only as to relevant portions of the transcript. It did not abuse its discretion by so limiting the costs to be taxed to the government. See McKinney v. Anderson, 924 F.2d 1500, 1512 (9th Cir.1991). Indeed, Mahon had not alerted the court to any other potential bases for appeal.
 
 V.
 
 12
 Mahon identifies several alleged errors in the conduct of the trial. First, the court did not err by declaring his claims of "systemic deliberate indifference" to be "non-issues" at trial. The grant of summary judgment to defendants on that claim precluded its renewal at trial. Mahon never moved for reconsideration of the summary judgment order, nor does he appeal it.
 
 
 13
 The court did not abuse its discretion by arranging for one U.S. Marshal and two uniformed corrections officers to be seated near plaintiff and to accompany plaintiff at sidebar conferences. The court properly balanced legitimate safety concerns against the possibility of prejudice. See Holbrook v. Flynn, 475 U.S. 560 (1986); Gilmore v. Armentrout, 861 F.2d 1061, 1071 (9th Cir.1988). For the same reason, the court did not abuse its discretion by seating defendants closer to the jury. Further, it is unclear whether Mahon objected to the security or the seating arrangement.
 
 
 14
 Next, Mahon argues that defense witnesses should not have been permitted to discuss his poor dental hygiene and their legitimate penological goals in restricting access to non-emergency health care during a "lockdown." Mahon contends that the testimony was perjured, but we may not assess witnesses' credibility. United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987). He further objects that it was irrelevant, but again, it does not appear that he objected. See Rojas v. Richardson, 703 F.2d 186, 188 (9th Cir.1983). We find no indication that the testimony affected the integrity of the judicial process, or that the court abused its discretion by permitting it.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Contrary to Mahon's assertion, defense counsel did not refer to Mahon as dangerous or notorious. Rather, he said that "Calipatria State Prison is a level four institution, which is the highest level in the state of California, and containing some of the most dangerous felons in the state of California" and "Calipatria State Prison has difficulties with its inmates. The inmates have a tendency to attack each other, to stab each other. They're some of the worst felons in the state of California at that prison." He made these comments in the context of explaining that Mahon suffered his toothache during a "lockdown" following a stabbing incident. It was the lockdown that prevented Mahon from obtaining immediate medical care