**CALIFORNIA SANSOME CO.; Polk Market Co., Plaintiffs–Appellants,**

v.

**U.S. GYPSUM; W.R. Grace & Company,—Conn., Defendants–Appellees.**

No. 93–15904.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 1994.

Decided May 25, 1995.

Joseph A. Darrell, Sheppard, Mullin, Richter & Hampton, San Francisco, CA, Kenneth B. McClain (argued), Humphrey, Farrington, McClain, Independence, MO, for plaintiffs-appellants.

John R. Reese, McCutchen, Doyle, Brown & Enersen, George C. Harris (argued), Morrison & Foerster, San Francisco, CA, for defendants-appellees.

Before: LAY,* PREGERSON and O'SCANNLAIN, Circuit Judges.

LAY, Senior Circuit Judge:

On April 21, 1989, California Sansome Company and Polk Market Company ("Sansome") filed an action against United States Gypsum Company and W.R. Grace & Company ("U.S. Gypsum") claiming asbestos-related damages in two of their buildings located in San Francisco, California. The action was brought pursuant to federal diversity jurisdiction, 28 U.S.C. § 1332. U.S. Gypsum manufactured the asbestos-containing fireproofing used during the construction of these buildings. Sansome seeks approximately $20 million in compensatory and punitive damages, primarily to recoup costs for analysis, removal, and replacement of asbestos-contaminated property, and for the loss of the use of the buildings.

U.S. Gypsum contends Sansome's action is barred by California's three-year statute of limitations. It claims the alleged contamination occurred well before April 21, 1986, three years before Sansome filed suit. In addition, U.S. Gypsum asserts Sansome knew or should have known of the contamination of the buildings at or near the time of their construction in 1968, or at least at the time of the first remodeling shortly thereafter. Thus, U.S. Gypsum also argues that Sansome's suit is barred under California's "discovery rule" because Sansome was "on inquiry notice" of asbestos contamination well before April 1986. U.S. Gypsum relies on Sansome's own investigations and its access to outside sources, such as articles, publications, regulations, and seminars on the hazards of asbestos.[1]

Sansome responds that there is no evidence its buildings were contaminated prior to the summer of 1986. Sansome also argues that it did not know the buildings were con-

---

\* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth· Circuit, sitting by designation.

1. The principal actors on behalf of Sansome in its dealings with U.S. Gypsum were members of the Cahill family, including Jay, Gerald, Richard, and William Cahill.

taminated until September 1986, when its officers were informed by an industrial hygienist that asbestos levels exceeded regulatory limits. Sansome further denies outside sources put it on inquiry notice prior to April 1986.

## The First Trial

The district court bifurcated the proceedings, setting the statute-of-limitations issue for trial in February 1991.[2] The court placed the burden of proving the buildings were damaged prior to April 21, 1986 on U.S. Gypsum. If the jury found evidence of such damage, under the court's instructions, Sansome then bore the burden of proving it had not discovered the damage and was not "on inquiry notice" of it prior to April 21, 1986. Following the trial, the jury returned a special verdict in favor of Sansome on the damage issue and therefore never reached the discovery question.

During the pendency of further proceedings on the merits, U.S. Gypsum brought forth allegations of impropriety on the part of Sansome's counsel, claiming its counsel had failed to produce certain nonprivileged documents during discovery. On February 4, 1992, after both sides had presented arguments, the court ordered a new trial on the statute-of-limitations question. The court reasoned that although Sansome's counsel's misconduct did not warrant dismissal, its action did justify a new trial. In the alternative, the court found a new trial was warranted on the basis of newly discovered evidence.[3]

## The Second Trial

Before the second trial commenced, the court ruled that Sansome had to assume the burden of demonstrating no damage occurred to the buildings prior to April 21, 1986. The court focused on language in Sansome's complaint which alleged that U.S. Gypsum's products, installed in 1968, "release asbestos spontaneously and in response to routine maintenance activities" and "in the course of normal and foreseeable use." The court reasoned that because these allegations did not specify a date of injury, it could reasonably infer that the injury occurred "some time following the installation of defendants' products in 1968." Thus, the court concluded that since Sansome's pleaded claims appeared to be barred by the statute of limitations, Sansome had the burden of providing by a preponderance of the evidence that its allegations fell within an exception tolling the statute. The court also refused to allow Sansome to amend its complaint to conform to the evidence and avoid this problem.

The statute-of-limitations question was tried for a second time beginning in September 1992. Following Sansome's presentation of the evidence, U.S. Gypsum moved for a judgment as a matter of law, contending Sansome failed to prove both that its buildings were not damaged and it was not on inquiry notice of damage prior to April 21, 1986. After a few more witnesses had testified, the court granted the motion as to when the damage occurred, finding Sansome had

---

2. On November 2, 1990, the court granted summary judgment in favor of U.S. Gypsum on Sansome's breach of warranty claim, concluding it was barred by the four-year statute of limitations outlined in Cal.Civ.Proc. § 337. Sansome does not challenge this ruling on appeal. The court denied U.S. Gypsum's motion as to all of Sansome's remaining claims.

3. Steve Callahan, a former associate at Sansome's counsel's law firm, sent U.S. Gypsum's counsel a letter stating the firm had intentionally withheld documents relevant to the statute-of-limitations trial. His letter enclosed a copy of a 1973 letter ("Quad C letter") addressed to Jay Cahill, a Sansome officer, informing him that the fireproofing installed in both buildings contained asbestos. The court then ordered Sansome to produce all other previously unproduced evidence relevant to this issue. Contained within

the two boxes of files submitted were twenty potentially relevant documents, including newspaper articles and a list of buildings containing asbestos which had been requested by Cahill and which mentioned Sansome's buildings.

The Quad C letter, and other documents, according to the court, bore directly on the question of whether Jay Cahill was made aware of the presence and potential hazards of asbestos prior to 1986. The court determined that newly found evidence and newly submitted affidavits did not establish that the Cahills and Sansome knew prior to 1986 that the fireproofing created a hazard in the buildings. The documents did provide, the court concluded, circumstantial and impeachment evidence that U.S. Gypsum could use to support both its "damage" and "discovery rule" arguments.

failed to meet its burden of proving the contamination did not occur prior to April 21, 1986. Nevertheless, the court held the evidence presented a jury question as to whether Sansome was on inquiry notice of its injury. Thereafter, the jury returned a special verdict in favor of Sansome.

U.S. Gypsum filed post-trial motions requesting a new trial or a judgment as a matter of law. On April 19, 1993, the court granted the judgment as a matter of law in favor of U.S. Gypsum. *See California Sansome Co. v. United States Gypsum Co.*, 819 F.Supp. 878 (N.D.Cal.1993). The court construed California's "discovery rule" to mean that a claim has accrued when the plaintiff has notice of information sufficient to put a reasonable person on inquiry notice. The court then ruled in favor of U.S. Gypsum and determined the evidence presented at trial established as a matter of law that Sansome suspected and should have suspected its injury and the injury's wrongful cause no later than January 1986.[4]

Sansome filed a timely appeal and now asserts the court erred in 1) ordering a new trial, 2) shifting the burden of proof to Sansome on the damage issue, 3) refusing to allow Sansome to amend its complaint after shifting the burden of proof, 4) granting the judgment as a matter of law on the damage issue during the second trial and on the discovery rule issue after the second trial, and 5) in excluding evidence of U.S. Gypsum's fraud. We affirm in part, reverse in part, and order a new trial.

## DISCUSSION

*New Trial*

■■■ Sansome first contends the court erred in granting a new trial on the statute-of-limitations question based on alleged misconduct on the part of Sansome's counsel and newly discovered evidence. Because we ordinarily defer to the trial court's more intimate knowledge of the case and facts, we review the grant of a new trial only for an abuse of discretion. *See, e.g., Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir.1990). We find that the trial court in this case did not abuse its discretion in granting a new trial based on attorney misconduct. Thus, we need not reach the court's alternative basis, relating to Sansome's claim of newly discovered evidence.

In *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878–79 (9th Cir.1990), we stated that the moving party must demonstrate adverse counsel's misconduct, including an accidental failure to produce relevant documents in response to discovery requests, "substantially interfered" with the moving party's interest. Although the district court held that there was no direct evidence of when the damage to Sansome's buildings occurred, it found the failure of Sansome's counsel to produce requested documents substantially interfered with U.S. Gypsum's case. The court concluded that the withheld evidence provided indirect evidence of early damage to the buildings, could serve as valuable impeachment evidence to cast doubt on the Cahills' testimony, and could lead to more evidence concerning damage upon further discovery. We conclude that the trial court did not abuse its discretion in granting a new trial.

*Burden of Proof*

■■■ In placing the burden of proving when the contamination[5] occurred on Sansome, the court inferred from Sansome's

---

4. The court acknowledged in its opinion that it erred in its denial of U.S. Gypsum's request for a judgment as a matter of law at the close of all of plaintiff's evidence.

5. While both parties agreed at oral argument that contamination—the release of asbestos fibers into the air of Sansome's buildings sufficient to constitute elevated levels—is the "harm" that triggers the ruling of the statute of limitations, they seem to differ on whether this contamination must have caused significant damage. In *City of San Diego v. U.S. Gypsum*, 30 Cal.App. 4th 575, 35 Cal.Rptr.2d 876, 881 (1994), a panel

of the California Court of Appeals recently confronted the issue of what type of harm is sufficient to trigger the running of the limitations period in an asbestos contamination case. The court's analysis provides that the amount of damage need not be certain, but must at least consist of more than "nominal damages." *Id.* The court stated, "[O]nce plaintiff has suffered actual and appreciable harm, neither the speculative nor uncertain character of damages nor the difficulty of proof will toll the period of limitation." *Id.* (quoting *Davies v. Krasna*, 14 Cal.3d 502, 514, 121 Cal.Rptr. 705, 535 P.2d 1161 (1975)).

complaint that its cause of action accrued some time following the installation of the fireproofing in 1968. The court determined that Sansome's claim therefore could only survive if it fell within an exception to the limitations period, citing *Department of the California Highway Patrol v. Industrial Accident Commission,* 195 Cal.App.2d 765, 16 Cal.Rptr. 138 (1961). Under these circumstances the court concluded that Sansome was responsible for proving the existence of an exception: the absence of pre-April 1986 damage to the buildings or the standard "discovery rule" exception.

We must respectfully disagree with the court's ruling. A defendant raising the statute of limitations as an affirmative defense has the burden of proving the action is time barred. *See, e.g., Permanente Medical Group/Kaiser Found. Hosp. v. Workers' Compensation Appeals Bd.,* 171 Cal.App.3d 1171, 217 Cal.Rptr. 873, 876 (1985) (citing *Kaiser, Found. Hosp. v. Workers' Compensation Appeals Bd.,* 39 Cal.3d 57, 216 Cal.Rptr. 115, 702 P.2d 197 (1985)) ("The burden of producing evidence sufficient to show [plaintiff's] claim is barred was upon [defendant] who had asserted the statute as a defense."); *cf. Palmer v. Hoffman,* 318 U.S. 109, 117, 63 S.Ct. 477, 482, 87 L.Ed. 645 (1943) (finding state law governs the allocation of the burden of proof in diversity cases). Under California law, the limitation period commences "upon the occurrence of the last element essential to cause of action." *City of San Diego,* 35 Cal.Rptr.2d at 881; *see CAMSI IV v. Hunter Technology Corp.,* 230 Cal.App.3d 1525, 282 Cal.Rptr. 80, 85 (1991); *Leaf v. City of San Mateo,* 104 Cal.App.3d 398, 163 Cal.Rptr. 711, 715 (1980). A tort cause of action does not accrue until there is wrongdoing *and* "actual and appreciable harm." *CAMSI IV,* 282 Cal.Rptr. at 85; *see Davies v. Krasna,* 14 Cal.3d 502, 121 Cal.Rptr. 705, 713, 535 P.2d 1161, 1169 (1975); *City of San Diego,* 35 Cal.Rptr.2d at 881; *see also Jolly v. Eli Lilly & Co.,* 44 Cal.3d 1103, 245 Cal.

Rptr. 658, 661, 751 P.2d 923, 926–927 (1988) ("[T]he common law rule, that an action accrues on the date of injury ... applies only as modified by the 'discovery rule.'"); *Dolan v. Borelli,* 13 Cal.App.4th 816, 16 Cal.Rptr.2d 714, 717 (1993) (same); *Bell v. Hummel and Pappas,* 136 Cal.App.3d 1009, 186 Cal.Rptr. 688, 694 (1982) ("Even after knowing of a wrongful act, if there is no actual irremediable damage, there is no running of the statute of limitations.").[6] Thus, the defendant has the burden of demonstrating the complained of wrongdoing *and* harm occurred outside the limitations period.

The court's analysis mistakenly treats the occurrence of appreciable injury as equivalent to the discovery of that injury. Sansome's sustaining some injury or harm is a requisite to the *commencement* of the orthodox limitations period, so prior to such an injury there can be no running of the statute. If the injury occurs after the wrongdoing, the orthodox limitations period is not tolled; rather, the period never even begins to run. *See, e.g., City of San Diego,* 35 Cal.Rptr.2d at 881 ("If the last element to occur is the element of damage, the statute of limitations begins to run upon the occurrence of 'appreciable and actual harm....'"). Framing delayed injury as an "exception" to the orthodox running of the statute therefore inappropriately displaces it as an element of accrual.

The "discovery rule," on the other hand, assumes that the elements of accrual including harm exist, but tolls the ruling of the statute until the plaintiff is on inquiry notice of its injury (and its wrongful cause). *See, e.g., Jolly,* 245 Cal.Rptr. at 661, 751 P.2d at 926; *CAMSI IV,* 282 Cal.Rptr. at 86. All parties agree that the burden is on Sansome to plead and prove the facts necessary to toll the limitations period once it is established that it would have otherwise commenced. *See, e.g., CAMSI IV,* 282 Cal.Rptr. at 86–87. In fact, the discovery rule is the only "excep-

---

**6.** U.S. Gypsum relies on *G.D. Searle & Co. v. Superior Court,* 49 Cal.App.3d 22, 122 Cal.Rptr. 218, 220 (1975), for the proposition that a cause of action generally accrues at the time of the last wrongful or tortious act. As a general proposition, we do not dispute this argument because the last allegedly wrongful act is usually tempo-rally proximate to the alleged harm it causes. The more recent cases cited above make clear, however, that a wrongful act *and* harm or injury must exist before the statute begins to run. Thus, in cases such as this one, when the wrongful act does not cause immediate harm, *Searle's* "general rule" no longer applies.

tion" to the orthodox limitations recognized in the cases cited by U.S. Gypsum and the trial court. *See, e.g., Jolly* 245 Cal.Rptr. at 662, 751 P.2d at 927–928; *CAMSI IV,* 282 Cal.Rptr. at 85–87; *Leaf,* 163 Cal.Rptr. at 715–16; *Searle,* 122 Cal.Rptr. at 220; *Bradler v. Craig,* 274 Cal.App.2d 466, 79 Cal. Rptr. 401, 404–05 (1969). We are not aware of, and U.S. Gypsum fails to cite, any cases in which the occurrence of injury serves as an exception like the discovery rule, thereby shifting the burden to the plaintiff to demonstrate the nonexistence of appreciable harm.[7]

The language of Sansome's complaint relied on by the district court cannot and does not shift the burden to Sansome on the issue of injury. If Sansome's complaint admitted or necessarily implied that appreciable injury to its buildings occurred prior to April 21, 1986, U.S. Gypsum would be entitled to a judgment on the issue. For example, in *City of San Diego, supra,* the California Court of Appeals affirmed a summary judgment in favor of the same defendant as in this case, U.S. Gypsum. The court relied in part on the fact that the plaintiff's complaint had alleged the release of asbestos fibers had occurred continuously from the time of installation, and that the plaintiff's buildings would be continuously contaminated as long as the building material were present. *City of San Diego,* 35 Cal.Rptr.2d at 881. The court concluded that U.S. Gypsum was entitled to a judgment on this issue because the plaintiff's allegations constituted an *admission* of continuing injury since the installation and sale.[8]

In the present case, Sansome's complaint does not admit that the injury to its buildings occurred at the time of the installation of the fireproofing, or at some other point prior to April 21, 1986. California law makes clear that a plaintiff must allege specific facts establishing the applicability of the discovery-rule exception. *See, e.g., CAMSI IV,* 282 Cal.Rptr. at 86–87. Yet there is no requirement that a plaintiff specifically allege when the cause of action accrued—that is the defendant's responsibility if it wishes to raise a limitations defense.

Although the district court "inferred" from the pleadings that the damage probably occurred some time after installation in 1968, it did not rule as a matter of law that Sansome admitted as much in the complaint because it gave Sansome the opportunity to prove no injury occurred prior to April 1986. In its April 16, 1992 order shifting the burden of proof to Sansome, the court concluded:

> While the Court does not dispute the notion that plaintiffs are bound by the factual assertions made in their complaint, the Court is unclear as to what time frame plaintiffs have "admitted" in the pleadings. The Court sees no reason at this time why plaintiffs should not be allowed to attempt to show that they avoided the limitations bar ... [by proving] they suffered no injury prior to the beginning of the limitations period.

As previously stated, we find the court erroneously viewed delayed injury as an "exception," thereby shifting the burden. Nevertheless, the court's own reasoning demon-

---

**7.** *Bradler v. Craig,* 79 Cal.Rptr. at 404–05, is not to the contrary. Although U.S. Gypsum claims *Bradler* carves out a separate exception for the occurrence of "appreciable harm," it is clear *Bradler* is simply a "discovery rule" case. *Bradler's* analysis focuses exclusively on the discovery rule and discusses "appreciable harm" only in the context of describing plaintiff's burden of demonstrating when the latent damage at issue became noticeable. *Id.* Again, the discovery rule is relevant only after it is determined that the orthodox limitations period, which is triggered by wrongdoing *and* damage, has run. Thus, U.S. Gypsum's reliance on *Bradler* to support a "damage exception" to the orthodox limitation period and to shift the burden on the damage issue is misplaced.

**8.** We further note that the *City of San Diego* court's affirmance of the summary judgment was based neither on a rejection of all "delayed damage" theories, on a determination that the date of the wrongdoing is necessarily the trigger date, nor on a finding that a plaintiff bears the burden of pleading and proving when the "injury" occurred. Rather, the court merely held that the plaintiff had admitted in its complaint that the appreciable harm (contamination) had occurred in its buildings more than three years before it brought its suit. *See City of San Diego,* 35 Cal. Rptr.2d at 881. In such a case, in which the complaint clearly alleges and admits injury outside the limitations period, there is no reason to shift the burden on the question of injury, and a plaintiff's only remaining recourse would be to rely on the discovery-rule exception.

strates that it believed the date of injury could not be established, as a matter of law, from the face of the complaint.

Sansome's complaint indeed did not admit or even imply that the mere presence of asbestos in the buildings immediately caused the injury, or that contamination occurred prior to April 21, 1986. The complaint makes no mention of the date of injury or contamination. While the complaint does allege U.S. Gypsum's products "release asbestos spontaneously and in response to routine maintenance activities," we reject the argument that this allegation supports the inference that actual and appreciable harm occurred immediately after installation or at the time of the first remodeling. *See, e.g., Kirby v. Albert D. Seeno Constr. Co.,* 11 Cal.App.4th 1059, 14 Cal.Rptr.2d 604, 608 (1992) (finding that an ambiguous allegation in the complaint does not constitute an admission that the action was time barred when there is the existence of a material factual issue). Absent further language supporting such an inference, we refuse to accept that the complaint must be construed so narrowly.

Because the existence of actual and appreciable harm is a necessary predicate for the commencement of the limitations period, U.S. Gypsum has the burden of demonstrating when this occurred. We therefore find the district court erred in shifting the burden on this issue to Sansome based on the allegations in the complaint.[9]

As indicated, in the second trial the court granted U.S. Gypsum a directed verdict (judgment as a matter of law) on the issue of when the injury to Sansome's property occurred. It did so, however, because the court found that Sansome had failed to carry the burden of proof on this issue. Based on an improperly allocated burden of proof, we find the court's conclusion that the issue should not go to the jury constitutes reversible error.[10]

Had the court properly allocated the burden of proof, we find the evidence presented would have raised a fact question as to whether the buildings suffered "appreciable harm" prior to April 1986. For example, U.S. Gypsum offered evidence of previous, similar building renovation and maintenance activities, and testimony regarding asbestos debris from which a jury could have inferred that the contamination alleged in Sansome's complaint occurred earlier than this date. On the other hand, Sansome produced air sampling data showing no contamination and expert testimony sufficient to create the contrary inference that the injury did not occur until the summer of 1986. The court's ruling therefore must be reversed. Because this issue did not go to the jury in the second trial, however, a remand for a new statute-of-limitations trial is required.[11]

*Gypsum's Post–Verdict Motion for a Judgment as a Matter of Law on the Discovery Issue*

After the jury returned a verdict in favor of Sansome on the "discovery-rule" issue, the

---

9. We reject Gypsum's argument that *CAMSI IV* supports the shifting of the burden of proof. The complaint in this case, unlike the *CAMSI IV* complaint, does not necessarily imply that harm to the property occurred outside the limitations period. In addition, while *CAMSI IV* clearly places the burden on the plaintiff to plead facts in support of the discovery rule exception, it holds neither that the plaintiff bears a similar burden as to the issue of the occurrence of appreciable harm, nor that the burden of proving appreciable harm is ever shifted to the plaintiff. *See* 282 Cal.Rptr. at 86.

10. U.S. Gypsum contends Sansome has not properly appealed the directed verdict. We disagree. One of Sansome's principal arguments in its brief is entitled "The Trial Court Erred By Granting Judgment As A Matter of Law and Directing A Verdict." Although most of the discussion

contained within this section relates to the JNOV (concerning the "discovery rule"), the opening portion also applies to "the directed verdict." In addition, in its discussion of the burden of proof, Sansome contends it proved the buildings were not damaged outside the statutory period, an argument obviously aimed at challenging the directed verdict. While Sansome's brief could benefit from an expanded and clearer critique of the lower court's error in directing the verdict, we find the argument has been sufficiently raised.

11. Because we find the court's misallocation of the burden of proof constitutes reversible error even though Sansome's complaint remains unamended, Sansome was not prejudiced by the trial court's denial of its motion to amend. Thus, we need not reach the issue of whether this denial was an abuse of discretion.

district court granted U.S. Gypsum's post-verdict motion for a judgment as a matter of law. The court determined that "[t]he evidence adduced at trial established in no uncertain terms that plaintiffs suspected, and should have suspected, their injury and its wrongful cause no late than January 1986." *Sansome*, 819 F.Supp. at 884. Thus, the court found "no reasonable jury, based on the evidence and a rational application of the court's instructions could have reached the conclusion which the jury in this case reached." *Id.*

In light of our ruling on the damage issue, we need not pass on the discovery issue on this appeal since we hold that a new trial must be held. The discovery issue will not be reached if in fact the jury finds in favor of Sansome and against U.S. Gypsum on the damage issue. In addition, even if we were inclined to do so, we could not reinstate the jury verdict in favor of Sansome on the discovery question. In order to determine when Sansome was on inquiry notice of its injury, the jury would have to take into account at what point that injury first occurred between 1968 and April 1986. The jury's conclusion concerning when the damage occurred could substantially affect its analysis of whether Sansome proved it should not have discovered the damage prior to April 1986. Thus, we deem it premature to rule on the discovery issue.

■ The order of the district court granting a new trial is affirmed, the judgment in favor of Gypsum on the damage issue is vacated, and a new trial ordered.[12] In granting a new trial on all issues, we also order the judgment in favor of Gypsum on the discovery issue vacated.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

12. Sansome contends the trial court further erred by excluding evidence of U.S. Gypsum's fraud. Specifically, Sansome argues the court should have allowed it to present evidence of an alleged campaign by U.S. Gypsum to misrepresent and downplay the dangers of asbestos, including an "educational" pamphlet read and relied upon by one of Sansome's experts. The court determined that Gypsum's evidence of fraudulent concealment is irrelevant to the statute of limitations issue and that its probative value was substantially outweighed by the danger of prejudice and waste of time. We review the court's exclusion for an abuse of discretion. *E.g., Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1429 (9th Cir.1991).

We find the district court did not abuse its discretion. As the court stated, California law makes clear that U.S. Gypsum's alleged fraud and misrepresentation is immaterial to the statute-of-limitations question in the context of this case. In *Rita M. v. Roman Catholic Archbishop*, the California Court of Appeals stated, "The doctrine of fraudulent concealment [for tolling the statute of limitations] does not come into play, whatever the lengths to which a ·defendant has gone to conceal the wrongs, a plaintiff is on notice of a potential claim." 187 Cal.App.3d 1453, 232 Cal.Rptr. 685, 690 (1986) (quoting *Hobson v. Wilson*, 737 F.2d 1, 35 (D.C.Cir.1984), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985)). Furthermore, "[w]here fraud is established the statute is tolled only for as long as the plaintiff remains justifiably ignorant of the facts upon which the cause of action depends; discovery or inquiry notice of the facts terminates the tolling." *Snyder v. Boy Scouts of America, Inc.*, 205 Cal.App.3d 1318, 253 Cal. Rptr. 156, 159 (1988). Because the issue of whether Sansome knew of or was on inquiry notice of its injury is dispositive in this case, the issue of whether U.S. Gypsum fraudulently concealed information from Sansome need not be reached. Thus, the district court correctly concluded that his evidence is irrelevant.

Sansome nevertheless contends that the pamphlet is relevant because its expert's conclusion that the buildings probably were not contaminated was partly based on the pamphlet's allegedly misleading contents. Sansome asserts its agents then reasonably relied on their expert's opinion and hence, did not suspect they were injured prior to April 1986. We reject this argument. Whether Sansome was on inquiry notice of its injury is determined from the information its officers received from their experts and other sources prior to April 1986. The communications between Sansome and its expert are therefore clearly relevant. Yet the sources of information available to the expert but not received or read by Sansome's officers are immaterial. Thus, the court properly allowed evidence of the communications between Sansome and its expert, while excluding evidence of allegedly false or misleading information received and relied upon by that expert. Sansome's "fraudulent concealment" evidence therefore shall be excluded on remand.