86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL DEPOSIT INSURANCE CORPORATION, a Corporation
existing under the laws of the United States,
Plaintiff-Appellant,
v.
Robert K. CASTETTER; Jon Chester; Arthur E. Engel; Harry
C. Franser; Michael K. Jones; Anthony
Pierangelo; John R. Stockholm; Dennis
L. Russell, Defendants-Appellees.
 No. 94-55974.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1996.
Decided June 3, 1996.
As Amended on Denial of Rehearing Aug. 28, 1996.
 
 Before: SKOPIL, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The FDIC brought this action in its capacity as receiver of Balboa National Bank against the bank's former outside directors. A jury verdict in favor of the FDIC was set aside by the district court. The FDIC argues on appeal that the district court erred in granting judgment as a matter of law, and alternatively, granting a new trial. We reverse the district court's grant of judgment as a matter of law, and affirm its order granting a new trial.
 
 
 3
 This controversy centers on the application of the "business judgment rule." The rule, codified in section 309 of the California Corporations Code, is intended to protect a director from liability for "a mistake in business judgment which is made in good faith and in what he or she believes to be in the best interest of the corporation, where no conflict of interest exists." Barnes v. State Farm Mutual Automobile Ins. Co., 20 Cal.Rptr.2d 87, 95 (Cal.Ct.App.1993). The business judgment rule does not, however, insulate a director from liability if he abdicated his corporate responsibility. Gaillard v. Natomas Co., 256 Cal.Rptr. 702, 710 (Cal.Ct.App.), review denied (June 1, 1989). Rather, to gain the protection of the business judgment rule, a director must have made an informed business decision. See Katz v. Chevron Corp., 27 Cal.Rptr.2d 681, 689 (Cal.Ct.App.1994).
 
 
 4
 The FDIC's complaint properly alleges in part that the directors are not entitled to the protection of the business judgment rule because they failed to mak einformed business decisions. Thus, the district court did not err in denying the directors' motion for judgment on the pleadings.
 
 
 5
 The district court instructed the jury on the business judgment rule. The court also, however, gave a simple negligence instruction which may have confused the jury because the court did not make clear that if the business judgment rule applies, director liability may be premised only on gross negligence. See Katz, 27 Cal. Rptr. 2d at 689. Thus, the district court did not abuse its discretion in granting the directors a new trial. See California Sansome Co. v. United States Gypsum, 55 F.3d 1402, 1405 (9th Cir. 1995). The court's entry of judgment as a matter of law, however, involved an improper reweighing of the evidence. See Sanders v. Parker Drilling Co., 911 F.2d 191, 195-96 (9th Cir. 1990). Accordingly, the cort's entry of judgment as a matter of law must be set aside.
 
 
 6
 Because we are remanding for a new trial, we comment on the district court's evidentiary ruling limiting the FDIC's expert testimony concerning damages to only those loan files which the expert had personally reviewed. We conclude that the expert established an adequate foundation for the sampling by demonstrating that all of the loans were written by the same officers, under the same board, and under the same loan policies. Any deficiency in the sampling goes to the weight of the expert's opinion, not to its admissibility. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 113 S.Ct. 2786, 2798 (1993).
 
 
 7
 AFFIRMED in part, REVERSED in part, and REMANDED for a new trial. Each side is to bear its own costs on appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3