**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**REAL PROPERTY, TITLED IN THE NAMES OF GODFREY SOON BONG KANG AND DARRELL LEE, As Trustee, Tax Map Key Number 4–1–26–25, Lot 62–C, Being a Portion of Grant 13, 116 to Toshio Hasebe, also known as Fred Toshio Hasebe and Fumino Amimoto Hasebe, Defendant,**

**Godfrey Soon Bong Kang,**
**Claimant–Appellant.**

**No. 96–15663.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 1997.

Decided July 15, 1997.

Paul K. Au and Wayne H. Tashima, Honolulu, Hawaii, for the claimant-appellant.

Beverly Wee Sameshima, Assistant United States Attorney, Honolulu, Hawaii, for the plaintiff-appellee.

Before: REINHARDT, T.G. NELSON and HAWKINS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

Claimant Godfrey Soon Bong Kang ("Kang") appeals the jury verdict and judgment of forfeiture of his one acre parcel of real property. The basis for the forfeiture was the use of the property to conduct an illegal gambling business in violation of 18 U.S.C. § 1955. Kang challenges the forfeiture as barred by the statute of limitations, as premised on insufficient probable cause, and as a violation of the Excessive Fines

Clause of the Eighth Amendment. We find no merit in any of Kang's claims, and we affirm.

## I. The Statute of Limitations Does Not Bar This Forfeiture

■ The statute of limitations relevant to these forfeiture proceedings is five years:

> No suit or action to recover ... any pecuniary penalty or forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered.

19 U.S.C. § 1621 (made applicable to forfeiture proceedings by 18 U.S.C. § 1955(d)). In its forfeiture complaint, filed in 1993, the government alleged that gambling occurred on Kang's property as early as 1986. Kang argues, therefore, that the government "discovered" the offense in 1986. We disagree.

In 1986, Kang's property was the subject of investigation by state authorities; the "alleged offense" for purposes of this forfeiture, however, is a violation of federal law. The question, therefore, is whether the federal government was aware of the gambling in 1986, as the federal crime could not be "discovered" until federal agents became involved. *See United States v. Premises Known as 318 So. Third St.,* 988 F.2d 822, 826 (8th Cir.1993). Nothing in the record suggests federal government awareness of the criminal activity before 1992 or 1993, well within the limitations period.

■ More importantly, statute of limitations is an affirmative defense, which the claimant bears the burden of proving. *See California Sansome Co. v. United States Gypsum,* 55 F.3d 1402, 1406 (9th Cir.1995). Kang has offered no proof that the federal government had knowledge of the gambling on his property more than five years before the filing of the forfeiture complaint. As noted above, what evidence does exist on the point suggests just the contrary: that the federal government did not "discover" the gambling offense until 1992 or 1993. Kang cannot defeat this forfeiture on statute of limitations grounds.

## II. The Government Had Probable Cause to Forfeit Kang's Property

■ A gambling operation qualifies as an "illegal gambling business" under 18 U.S.C. § 1955 if it:

> (i) is a violation of the law of a State or political subdivision in which it is conducted;
>
> (ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and
>
> (iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day.

18 U.S.C. § 1955(b)(1). The government satisfied each of these elements; Kang's challenges to the probable cause showing lack merit.

The gambling business—principally cockfighting, but also dice and card games—was a violation of Hawaii anti-gambling laws. *See, e.g.,* Haw.Rev.Stat. § 712–1230. Furthermore, as Kang himself argues, cockfighting also is an illegal form of cruelty to animals in Hawaii. *Id.* § 711–1109. The activities on Kang's property clearly violated Hawaii law.

To support probable cause, the government identified seven individuals, including Kang, whose responsibility it was to "conduct, finance, manage, supervise, direct, or own" the gambling business. These individuals had defined roles in the operation of the business: Kang made the property available, Elizabeth and Jose Royos promoted the cockfights, Franklin Hernandez and Rudolpho Sanchez refereed the cockfights, Douglas Paahao served as security guard, and Isaac Ahana operated the dice games. The government had probable cause to conclude that five or more persons operated the gambling business.

■ Contrary to Kang's contention, the government need not show that these persons all operated the business during the same 30–day period; the "continuous operation" requirement is a separate element of the offense. The government presented evidence that the gambling business was in operation on Kang's property on January 13,

January 26, February 3, and February 17, 1991, as well as on January 11, 1992.[1] "Continuous operation" under the statute merely requires ongoing—not constant—operation for more than thirty days. *See United States v. Rieger*, 942 F.2d 230, 233 (3d Cir. 1991) (five poker games over six-month period sufficient to constitute "substantially continuous operation"). The regular operation of the business in January and February of 1991 sufficed to establish probable cause that the business remained "in substantially continuous operation for a period in excess of thirty days." 18 U.S.C. § 1955(b)(1)(iii).

### III. The Forfeiture Does Not Violate the Eighth Amendment's Excessive Fines Clause

■■■ Under certain circumstances, a civil forfeiture may violate the Excessive Fines Clause of the Eighth Amendment. *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). We analyze Excessive Fines claims under the following two-pronged test:

> First, under the "instrumentality" (or "nexus") test, the forfeited property must have a sufficiently close relationship to the illegal activity. Second, under the "proportionality" test, forfeiture of the property must not impose upon the owner a penalty grossly disproportionate to his offense.

*United States v. Real Property Located in El Dorado County at 6380 Little Canyon Road*, 59 F.3d 974, 982 (9th Cir.1995).

There can be no question but that Kang's property bears a close relationship to the gambling activity. His property, with its bleachers, cockfighting pit, and concession stands, was to Hawaiian cockfighting what Wrigley Field is to baseball. The government clearly established "a substantial connection between the property and the offense." *Id.* at 985.

Moreover, the forfeiture does not impose upon Kang a grossly disproportionate penalty. Kang was directly involved in the gambling activity, to a substantial extent, and for many years. *See id.* at 986 (listing factors relevant to the owner's culpability). On the basis of the record before us, it is fair to presume that Kang earned very substantial profits over the years from the gambling operations. Whatever claim Kang makes concerning the "intangible, subjective value of the property," *see id.* (factors relevant to the harshness of the forfeiture), his claim is belied by his efforts to sell the property while forfeiture proceedings were pending. Kang's extensive involvement with a long-term, profitable gambling business outweighs any claim that forfeiture of the subject property would be unduly harsh, and thus his Eighth Amendment claim must fail.

AFFIRMED.

---

**1.** This evidence came from an undercover investigation conducted by the Honolulu Police Department. The federal government was not involved in the investigation at that time.