129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Diana Alicia HUFF, Plaintiff-Appellant,
v.
THE BOEING COMPANY; Clarke Abram; Dan Habel, Defendants-Appellees.
 No. 96-35739.
 United States Court of Appeals, Ninth Circuit.
 Oct. 23, 1997.
Submitted Oct. 20, 1997**
 
 Appeal from the United States District Court for the Western District of Washington William L. Dwyer, District Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUN*
 
 DWYER
 
 2
 Diana Alicia Huff appeals pro se the district court's Fed. R.Civ. P. 52(c) judgment as a matter of law in favor of defendants, entered after she rested her case in a bench trial in an action for sex discrimination in violation of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e-2(a)(1) ("Title VII"), and age discrimination in violation of Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a)(1) ("ADEA"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Under Rule 52(c), we review the district court's legal conclusions de novo and its findings of fact for clear error. See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1037 (9th Cir.1990). We will reverse the district court's findings only upon a " 'definite and firm conviction that a mistake has been committed.' " Mitchell v. Office of the Los Angeles County Superintendent of Sch., 805 F.2d 844, 846 (9th Cir.1986) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).
 
 
 4
 Huff contends that the district court erred in finding that she had not performed her job in a satisfactory manner. We disagree.
 
 
 5
 To establish a prima facie case of discriminatory discharge under Title VII and the ADEA, a plaintiff must show, inter alia, that she was performing her job in a satisfactory manner. See Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 671, 674 (9th Cir.1988).
 
 
 6
 Here, there was evidence showing that Huff had repeated problems in her working relationship with other employees, which interfered with her work performance and completion of assignments. Based on the corrective action memos and discipline she received, there is sufficient evidence that Huff, herself, contributed to the problems in her workplace atmosphere. Accordingly, the district court did not err by finding that Huff did not establish her prima facie case. See Sanchez, 936 F.2d at 1037; Pejic, 840 F.2d at 671.
 
 
 7
 Huff further contends that she established a prima facie case that she was terminated in retaliation for filing a internal Equal Employment Opportunity complaint. We disagree.
 
 
 8
 The district court's finding that Huff failed to establish a causal link between the filing of her complaint and her discharge is supported by evidence that the supervisor who initiated the termination did not know of her complaint, see Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir.1987), and evidence that her termination was the result of performance problems. Accordingly, the district court did not err in finding that a prima facie retaliation claim was not made. See Trent v. Valley Elec, Ass'n Inc., 41 F.3d 524, 526 (9th Cir.1994); Sanchez, 936 F.2d at 1037.
 
 
 9
 Huff's argument that the district court abused its discretion by excluding certain evidence lacks merit because the evidence was inadmissible hearsay. See Fed.R.Evid. 801. Here, Huff attempted to admit into evidence complaints by other employees filed against Boeing. The fact that these documents were not admitted was not prejudicial to Huff. See Price v. Seydel, 961 F.2d 1470, 1474 (9th Cir.1992).
 
 
 10
 Huff's argument that the district court erred by not addressing her claim of conspiracy under 42 U.S.C. § 1985 lacks merit because the issue was not raised below. See Brazil v. United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir.1995), cert. denied, 116 S.Ct. 1317 (1996).
 
 
 11
 To the extent that Huff also appeals the district court's denial of her motion for a new trial, we conclude that the district court did not abuse its discretion in light of the foregoing analysis, see Fed.R.Civ.P. 59; California Sansome Co. v. U.S. Gypsum, 55 F.3d 1402, 1405 (9th Cir.1995), and that Huff's new evidence would not change the disposition of the case, see Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir.1987).
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3