**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRUCE BIERMAN,

                Plaintiff - Appellant,

    v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION and
DOES, 1 through 100, inclusive,

                Defendants - Appellees.

No. 12-15554

D.C. No. 4:10-cv-04199-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted November 7, 2013
San Francisco, California

Before: FARRIS, BLACK[**], and IKUTA, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Susan H. Black, Senior Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

Bruce Bierman appeals from the district court's grant of summary judgment for IBM on the basis that Bierman's claims are time barred. We have jurisdiction under 28 U.S.C. § 1291.

We affirm the district court's decision that Bierman's claims are time barred. Both parties agree that Bierman's claims are time barred on their face; the initial injury allegedly occurred in 1993 and Bierman did not initiate litigation until 2010. The longest statute of limitations period for any of Bierman's claims was four years. Bierman seeks to save his claims through application of the discovery rule, which "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999).

Plaintiffs who rely on the discovery rule bear the burden of proof in establishing that they are entitled to its tolling protection. *California Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1406 (9th Cir. 1995). In order to defeat a motion for summary judgment, Bierman must point to specific evidence that creates genuine issues of material fact about whether he lacked the knowledge necessary to discover his cause of action. *See Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.)*, 627 F.3d 376, 387 (9th Cir. 2010). Bierman must meet the same burden for all prior owners of Bookmark , including his

mother Sonia Bierman, since his status as an assignee means that he "stands in the shoes of the assignor" and is "subject to any defenses which the obligor has against the assignor prior to notice of the assignment." *Bank of Am., N.A. v. Mitchell*, 204 Cal. App. 4th 1199, 1207 (2012) (emphasis omitted) (internal quotation marks omitted).

Under Federal Rule of Civil Procedure 56(c), a party opposing a summary judgment motion must set forth specific facts in the record that establish a genuine issue of material fact. *See* Fed. R. Civ. P. 56(c). The non-moving party must identify these record citations in the party's written response. *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). The district court has the "discretion in appropriate circumstances to consider other materials, [but] it need not do so." *Id.* Bierman's response to IBM's motion for summary judgment explicitly declined to introduce any evidence on Sonia Bierman's lack of knowledge.

Bierman argues that sufficient evidence was introduced by IBM's various citations to evidence in its own motion for summary judgment. This evidence, however, was cited to show that Bierman lacked personal knowledge about Sonia Bierman's state of knowledge. Bierman's own response papers was the appropriate venue for establishing that this evidence created a genuine issue of material fact on

3

Sonia Bierman's lack of knowledge. *See id.* at 1029 ("[I]f a party wishes the court to consider an affidavit for more than one issue, the party should bring that desire to the attention of the court." (internal quotation marks omitted)).

Bierman also argues that sufficient evidence was introduced at oral argument on the motion for summary judgment. It is within the district court's discretion to consider Bierman's passing references to this evidence at oral argument but the district court is only obligated to do so if Bierman had identified those pieces of evidence as raising a material issue in his response to summary judgment. *See id.* at 1031. The district court was within its discretion to focus its attention exclusively on the arguments and evidentiary support that Bierman presented in his opposition to summary judgment.

**AFFIRMED.**

.