NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN GARCIA, | No. 19-55392 |
| Plaintiff-Appellant, | |
| and | D.C. No. 3:15-cv-01606-MMA-RBM |
| JOSEPH BIELMA; et al., | |
| Plaintiffs, | MEMORANDUM[*] |
| v. | |
| MICHAEL BOSTIC, individually and as Interim Chief of Police; et al., | |
| Defendants-Appellees, | |
| and | |
| MARITZA HURTADO, individually and as an agent of the City; DOES, 1-10, | |
| Defendants. | |

| | |
|---|---|
| GERMAN DURAN; et al., | No. 19-55580 |
| Plaintiffs-Appellants, | D.C. No. 3:15-cv-01606-MMA-RBM |
| and | |

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

STEVEN GARCIA; et al.,

       Plaintiffs,

  v.

MICHAEL BOSTIC, individually and as Interim Chief of Police; et al.,

       Defendants-Appellees,

 and

MARITZA HURTADO, individually and as an agent of the City; DOES, 1-10,

       Defendants.

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted May 6, 2020[**]
Pasadena, California

Before: GOULD and CHRISTEN, Circuit Judges, and STEIN,[***] District Judge.

Steven Garcia, Frank Uriarte, German Duran, and Stephen Frazier are

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

2                      19-55392

former police officers employed by the City of Calexico. After they unsuccessfully challenged their termination in state administrative appeals, they brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging that they were terminated from their employment in retaliation for exercising their First Amendment rights to protected speech and union activity.[1] The district court granted summary judgment against them based on the preclusive effect of the adverse state administrative decisions and denied a motion for a new trial.

On appeal, Appellants contend that under California law, no administrative decision is entitled to preclusive effect in a later § 1983 lawsuit because such claims must be judicially resolved. Appellants further contend that the primary right at issue in their administrative appeals was not the same primary right at issue in their § 1983 action and that they did not have an adequate opportunity to address the allegations of retaliation that formed the basis of their § 1983 claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     We review de novo a district court's determination that res judicata is available. *Guild Wineries & Distilleries v. Whitehall Co.*, 853 F.2d 755, 758 (9th Cir. 1988).

To determine the preclusive effect of a state administrative decision or a state court judgment, we follow the state's rules of preclusion. *Kremer v. Chem.*

---

[1] We assume familiarity with the facts and procedural history of this case.

*Constr. Corp.*, 456 U.S. 461, 482 (1982). "Under California law, a prior administrative proceeding, if upheld on review (or not reviewed at all), will be binding in later civil actions to the same extent as a state court decision if 'the administrative proceeding possessed the requisite judicial character.'" *White v. City of Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012) (quoting *Runyon v. Bd. of Tr.*, 229 P.3d 985, 994 (Cal. 2010)). To possess the requisite judicial character, the administrative agency must "act[] in a judicial capacity and resolve[] disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." *People v. Sims*, 651 P.2d 321, 327 (Cal. 1982) (emphases omitted), *superseded by statute on other grounds as stated in Gikas v. Zolin*, 863 P.2d 745 (Cal. 1993) (quoting *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966)).

Here, Appellants' administrative appeals were judicial in character and satisfied California's preclusion principles. At their administrative hearings, each appellant: agreed on a presiding hearing officer; was represented by counsel; and had multi-day hearings at which they were able to make opening statements and arguments, submit documentary evidence, and examine and cross-examine witnesses under oath. Moreover, a court reporter recorded a verbatim transcript at the hearings, each appellant had the opportunity to submit a brief with arguments, and the hearing officer issued a written decision finding that just cause existed to

4                                                                                  19-55392

terminate the appellants. Each proceeding was also subject to judicial review via a petition for a writ of mandate pursuant to California Code of Civil Procedure section 1094.5.

Appellants argue that in *Brosterhous v. State Bar*, 906 P.2d 1242 (Cal. 1995), the California Supreme Court held that the state's law on preclusion requires that § 1983 actions be resolved judicially, rather than through administrative adjudication or arbitration, and that only voluntary administrative proceedings on a § 1983 claim can have a preclusive effect. These contentions are incorrect. The U.S. Supreme Court has held that rules of claim preclusion apply equally to § 1983 actions in federal courts. *Allen v. McCurry*, 449 U.S. 90, 98 (1980). Moreover, Ninth Circuit and California decisions both before and after *Brosterhous* have refuted the proposition that California administrative decisions are not given preclusive effect in § 1983 suits. *See, e.g.*, *San Remo Hotel v. City & Cty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998); *Swartzendruber v. City of San Diego*, 5 Cal. Rptr. 2d 64, 71–72 (Cal. Ct. App. 1992), *disapproved on other grounds in Johnson v. City of Loma Linda*, 5 P.3d 874 (Cal. 2000). The district court did not err by giving preclusive effect to the administrative decisions in Appellants' § 1983 case.

2.      We review a grant of summary judgment de novo. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Further, we review a district court's denial of a

motion for a new trial for an abuse of discretion. *Cal. Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1405 (9th Cir. 1995).

Here, the district court did not err in granting summary judgment and in denying Appellants' motion for a new trial. The district court properly concluded that Appellants' § 1983 claims fell within the claim-preclusive scope of the administrative decisions upholding their terminations. Indeed, Appellants' claims in the federal lawsuit were predicated solely on the City's decision to terminate them. Their § 1983 claims rested on the same primary right—the right to continued employment—that was at stake in the administrative proceedings, where it was determined that Appellants' terminations were supported by just cause. *See Miller v. Cty. of Santa Cruz*, 39 F.3d 1030, 1034 (9th Cir. 1994). Courts in this circuit and in California have consistently rejected the proposition that a termination becomes a different primary right or different cause of action simply because the plaintiff subsequently opts to allege the termination as a constitutional deprivation. *See id.* at 1034–35; *Takahashi v. Bd. of Trs.*, 783 F.2d 848, 851 (9th Cir. 1986); *Swartzendruber*, 5 Cal. Rptr. 2d at 71.

The district court did not err in determining that Appellants had an adequate opportunity to address the allegations of retaliation that formed the basis of their § 1983 claims. Appellants were free in their administrative proceedings to pursue any theory as to why their terminations were allegedly wrongful, including the

theory of their § 1983 lawsuit—that they were wrongfully terminated in retaliation for engaging in a protected activity. California courts have recognized that "[r]es judicata bars the litigation not only of issues that were actually litigated in the prior proceeding, but also issues that could have been litigated in that proceeding." *Zevnik v. Superior Court*, 70 Cal. Rptr. 3d 817, 821 (Cal. Ct. App. 2008). Ultimately, Appellants voluntarily decided to pursue their administrative appeals. They are therefore barred from subsequently litigating a theory in federal court that they could have raised in their previous proceedings. *See Utah Constr.*, 384 U.S. at 422 ("When an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose.").

   **AFFIRMED.**