**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 8 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICK LANDERS, Co-Administrators for the Estate of Mikyley Rae Reitz; SALINAS ZARLING, Co-Administrators for the Estate of Mikyley Rae Reitz, | No. 23-55552 |
| | D.C. No. 2:23-cv-00915-PA-PVC |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| FORD MOTOR COMPANY, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 6, 2024**
Pasadena, California

Before: OWENS, BUMATAY, and MENDOZA, Circuit Judges.

Rick Landers and Salinas Zarling ("Plaintiffs"), co-administrators of the

estate of their daughter Mikyley Rae Reitz ("Reitz"), appeal the district court's grant

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of defendant Ford Motor Corporation's ("Ford") motion to dismiss. We have jurisdiction under 28 U.S.C. § 1291. We vacate the judgment and remand.

A district court's dismissal based on the statute of limitations is reviewed de novo. *Mills v. City of Covina*, 921 F.3d 1161, 1165 (9th Cir. 2019). We must accept "all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012) (simplified); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1053–54, 1056 (9th Cir. 2008) (reviewing dismissal of claim on statute of limitations grounds in case where plaintiffs invoked California's delayed discovery rule "pursuant to FRCP 12(b)(6)" standard). A district court's denial of leave to amend is reviewed for an abuse of discretion. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 573 (9th Cir. 2020).

On June 19, 2017, Plaintiffs' daughter was driving a 2001 Ford F-350 truck in San Luis Obispo County, California. She was unable to negotiate a left curve in the roadway and lost control of the truck. The truck rotated and rolled on its roof, crushing the cab. Reitz died from "blunt force trauma injuries due to the roof collapse." On February 7, 2023, Plaintiffs sued Ford.

Although Plaintiffs' claims are subject to a two-year statute of limitations, *see* Cal. Code Civ. Proc. § 335.1, and they filed suit more than two years after the death of their daughter, Plaintiffs argue that California's discovery rule excuses the late

2

filing. California's discovery rule "delays accrual [of the statute of limitations] until the plaintiff has, or should have, inquiry notice of the cause of action." *Fox v. Ethicon Endo–Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005). Inquiry notice occurs "when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 927 (Cal. 1988). A "plaintiff whose complaint shows on its face that h[er] claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox*, 110 P.3d at 920–21 (simplified); *Cal. Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1406 (9th Cir. 1995) (noting that plaintiffs bear the burden to "plead and prove the facts necessary to" establish that delayed discovery applies). When plaintiffs "reasonably should have discovered facts for purposes of the accrual of a cause of action or application of the delayed discovery rule is generally a question of fact, properly decided as a matter of law only if the evidence (or, in the case of a demurrer, the allegations in the complaint and facts properly subject to judicial notice) can support only one reasonable conclusion." *People ex rel. Allstate Ins. Co. v. Discovery Radiology Physicians, P.C.*, 311 Cal. Rptr. 3d 901, 925 (Cal. Ct. App. 2023) (simplified).

Plaintiffs allege that (1) they believed the damage to Reitz's F-350 super-duty

3

truck was on account of "the forces involved in the accident" and not a design defect; (2) Ford trucks were "Built Ford Tough" and "in fact safer compared to other vehicles"; (3) if Reitz's truck was defective they would have been notified by Ford because Ford likely monitors fatalities involving their vehicles; (4) had there been a design defect, it would have been apparent to witnesses who inspected the car after the accident, but none of these witnesses, including fire responders and insurance adjusters, suggested the roof collapsed because of a defect; (5) it is not obvious what the extent of the damage would look like in a single-car accident involving a truck rolling over; (6) they lacked sophistication and knowledge about automobiles; and (7) they learned about the possible cause of action only after a jury awarded $1.7 billion in putative damages against Ford for a similar defect in August 2022.

Ford argues that Plaintiffs were on inquiry notice either on the date of the accident because the damage done to the Ford F-350 was so extensive or within the two years following the accident because investigation would have shown that other lawsuits were brought against Ford for similar issues with its trucks.

The district court ruled in Ford's favor, holding that the "catastrophic roof collapse, as the photo of the damaged vehicle establishes," was enough to start the statute of limitations in June 2017. The district court also concluded that a "simple internet search" at the time of the accident may have provided Plaintiffs with information about other cases involving similar rollover accidents.

4

In *Unruh-Haxton v. Regents of University of California*, 76 Cal. Rptr. 3d 146, 163 (Ct. App. 2008), the California Court of Appeal held that it is not the law in California that "public awareness of a problem through media coverage alone creates constructive suspicion for purposes of discovery." This is because "[t]he statute of limitations does not begin to run when some members of the public have a suspicion of wrongdoing, but only 'once the plaintiff *has* a suspicion of wrongdoing.'" *Id.* (simplified).

On appeal, Plaintiffs contend that they would allege additional facts if given an opportunity to amend their pleadings. Plaintiffs proffer that they may plead (1) a reasonably diligent person would look to safety ratings and consumer reviews, and (2) different consumer reports and publicly available safety reviews did not identify any product defect related to Ford truck roofs that would have raised suspicions about a cause of action against Ford for their daughter's death.

"Leave to amend should be granted generously, after considering 'bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.'" *Bolden-Hardge v. Office of Cal. State Controller*, 63 F.4th 1215, 1221 (9th Cir. 2023) (simplified). While Plaintiffs had previous opportunities to amend their complaint, we grant leave to amend. Plaintiffs have plausibly alleged that the catastrophic nature of the automobile accident does not *only* support the conclusion that they should have been aware of

5

Ford's potential liability. And the proffered allegations would not make amendment futile on the question of reasonable diligence. There is also no evidence of delay, prejudice, or bad faith in the case.

For these reasons, we vacate the district court judgment and remand with instructions to the district court to grant Plaintiffs leave to amend. Each party shall bear its own costs on appeal.

**VACATED AND REMANDED**.