[Civ. No. 24246. Third Dist. Sept. 6, 1985.]

PERMANENTE MEDICAL GROUP, KAISER FOUNDATION HOSPITALS, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
KAISER STEEL CORPORATION et al., Respondents.

1172

COUNSEL

Phillip N. Bruce and Norman L. Halquist for Petitioner.

O'Reilly, Christison & Jackson, F. Clinton Murphy and Leonard M. Levy for Respondents.

OPINION

**SIMS, J.**—Petitioner Permanente Medical Group, Kaiser Foundation Hospitals (hereafter Kaiser) seeks review of an opinion and order of respondent Workers' Compensation Appeals Board (hereafter Board) denying reconsideration of findings and order of its workers' compensation judge (WCJ). The WCJ determined Kaiser's application for compensation was filed more

than one year following the date of injury and was thus barred by the statute of limitations (Lab. Code, §§ 5405, 5412).[1]

In its petition for writ of review Kaiser contends: (1) the statute of limitations does not begin to run against a medical provider-applicant until it receives notice from the employer denying its claim for reimbursement; (2) the statute of limitations is tolled as to the medical provider while the injured employee's claim is pending in the federal workers' compensation forum; (3) respondents failed to meet their burden of proving Kaiser's claim was barred by the statute of limitations; and (4) Kaiser was denied due process of law by procedures employed to adjudicate the statute of limitations question as a threshold issue. We shall annul the Board's decision and remand to the Board for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

In 1977, the injured employee, Ernest W. Williams, was found on routine chest X-ray examination to have lung abnormalities associated with asbestos exposure.

On July 6, 1978, the employee was admitted to petitioner Kaiser Foundation Hospitals' Sacramento facility where he underwent exploratory right thoracotomy and pleural biopsy under general anesthesia. The surgery, which revealed multiple pleural hyaline fibrous plaques, required four days of hospitalization during which time the employee was unable to work. At the time of the surgery, Kaiser obtained from the employee a history of his industrial exposure to asbestos while he was a shipyard welder during the Second World War.

On October 25, 1979, the employee filed a claim for benefits (which recites the employee's knowledge of the industrial causation of his injury) under the federal Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. §§ 901-950). The claim apparently has not been resolved. The employee has not filed an application for adjudication of claim under the California Workers' Compensation Act (hereafter Act).

On December 22, 1981, Kaiser filed its own application for adjudication of claim seeking reimbursement for its expenses incurred during the em-

---

[1] Statutory references are to the Labor Code unless otherwise indicated.

ployee's hospitalization. (See § 5501; 1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1985 rev.) Original Proceedings, § 5.01[2][h], pp. 5-10–5-11.)²

A hearing was held on September 27, 1983, before WCJ Lancaster. In minutes of the hearing the WCJ noted the issue of the statute of limitations was potentially dispositive and ordered submission of points and authorities on the issue.

On March 29, 1984, following receipt of additional evidence, the WCJ concluded Kaiser's December 22, 1981, application was barred by the one-year statute of limitations set forth in sections 5405 and 5412. The WCJ's order dismissed with prejudice Kaiser's application for benefits.

Kaiser's petition for reconsideration was denied by the Board and this petition followed.

DISCUSSION

I

Kaiser contends respondents have failed to present substantial evidence that its claim was barred by the statute of limitations. To place this contention in context we begin with an overview of certain provisions of the Act.

Section 5501 provides in pertinent part that "The application [for benefits] may be filed with the appeals board by any party in interest, his attorney, or other representative authorized in writing." This section includes medical provider claimants whose filing initiates the workers' compensation process as if the employee himself had filed a claim. (*Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd. (Martin)* (1985) 39 Cal.3d 57, 67 [216 Cal.Rptr. 115, 702 P.2d 197]; see *Independence Indem. Co.* v. *Indus. Acc. Com.* (1935) 2 Cal.2d 397, 404-409 [41 P.2d 320]; 1 Hanna, *op. cit. supra,* at p. 5-10.) Kaiser is thus entitled to initiate this proceeding.

---

²On January 22, 1982, Kaiser also filed notice and request for allowance of lien in the amount of $3,623.02 against any amount which may become payable as compensation to the employee on account of his injury. (See § 4903, subd. (b); *Ogdon* v. *Workmen's Comp. Appeals Bd.* (1974) 11 Cal.3d 192, 196-197 [113 Cal.Rptr. 206, 520 P.2d 1022].) As we have noted, the employee had not sought to recover compensation under the California Act and there was no award to which the lien could attach. The record fails to indicate any disposition of the lien claim. However, since Kaiser asserts no error respecting what, if anything, happened to its lien claim, we do not address the matter.

■ "[T]here is but one limitations period for any particular workers' compensation claim, and that is the period applicable to the injured employee." (*Kaiser Foundation Hospitals, supra,* at p. 68.) ■ The running of the statute of limitations under the Act is an affirmative defense. The burden of producing evidence sufficient to show Kaiser's claim is barred was upon respondents who had asserted the statute as a defense. (*Id.,* at p. 67, fn. 8.)

■ "Pursuant to the statute of limitations set forth in section 5405,[3] original proceedings for disability indemnity and medical care may be commenced within one year from: (1) the date of injury; or (2) the expiration of the period covered by the employer's last payment of disability indemnity; or (3) the date of the last furnishing by the employer of medical, surgical or hospital treatment, whichever period is most favorable to the employee. (Cal. Workmen's Compensation Practice [Cont.Ed.Bar 1973], § 4.13, p. 101; *Colonial Ins. Co.* v. *Ind. Acc. Com.* (1945) 27 Cal.2d 437, 441 [164 P.2d 490]; see also 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed., 1983 rev.) § 18:02, pp. 18-9–18-10; 2 Witkin [Summary of Cal. Law (8th ed. 1973)], §§ 233-235, pp. 1046-1047.)" (*J. T. Thorp, Inc.* v. *Workers' Comp. Appeals Bd.* (1984) 153 Cal.App.3d 327, 333-334 [200 Cal.Rptr. 219].) ■ Kaiser does not contend the employer in this case furnished to the employee either disability indemnity or medical treatment; thus, Kaiser's claim is barred by the statute of limitations unless it was brought within one year of the "date of injury" or unless the statute was somehow tolled.

■ .With respect to cumulative occupational diseases such as those related to asbestos exposure, the term "date of injury" is statutorily defined as "that date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that such disability was caused by his present or prior employment." (§ 5412; see *J. T. Thorp, Inc.* v. *Workers' Comp. Appeals Bd.,* supra, 153 Cal.App.3d at p. 336.) The term "disability," as used in section

---

[3]The quoted footnote provides as follows: "Section 5405 provides that 'The period within which may be commenced proceedings for the collection of the benefits provided by Articles 2 or 3, or both, of Chapter 2 of Part 2 of this division is one year from: [¶] (a) The date of injury; or [¶] (b) The expiration of any period covered by payment under Article 3 of Chapter 2 of Part 2 of this division; or [¶] (c) The date of last furnishing of any benefits provided for in Article 2 of Chapter 2 of Part 2 of this division.' . . ." Kaiser acknowledges this statute governs its claim. (See *Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd., supra,* 39 Cal.3d at p. 62; *Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd. (Webb)* (1977) 19 Cal.3d 329, 332-333 [137 Cal.Rptr. 878, 562 P.2d 1037].)

5412, refers to "an impairment of bodily functions which results in the impairment of earnings capacity." (*J. T. Thorp, supra,* at p. 336.)[4]

■ In this case it is undisputed that the injured employee was hospitalized in 1978, and was unable to work for four days thereafter, as a result of asbestos exposure during the Second World War. Uncontradicted evidence, contained in Kaiser's physicians' reports prepared on or before May 9, 1980, together with the employee's 1979 federal compensation claim, clearly reveal both Kaiser and the employee knew that the employee suffered disability during the period of his hospitalization and that the disability was caused ultimately by his employment as a shipyard worker. Kaiser's application for adjudication of claim filed December 22, 1981, is therefore barred by the one-year statute of limitations unless the statute is somehow tolled. (§§ 5405, 5412; see *Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd., supra,* 39 Cal.3d at pp. 64-67.)

■ Section 5402 requires the employer to notify the injured employee of his rights under the state workers' compensation law. (See part II, *post.*) "If the employer breaches its statutory duty to notify an employee unaware of his workers' compensation rights of those rights, the limitations period is tolled for the period of time that the employee remains unaware of his rights. No tolling occurs if the employee has actual knowledge of his rights before the employer's breach. The employer has the burden of proving when the injured employee gained actual knowledge of his workers' compensation rights. The employee must know that he may be entitled to relevant benefits under the workers' compensation system." (*Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd., supra,* 39 Cal.3d at p. 60.)

■ In this case respondents bore the burden of proving the employee, Williams, had actual knowledge that he might be entitled to relevant benefits under the state workers' compensation system. (*Ibid.*) Kaiser contends respondents have failed to present substantial evidence showing the statute of limitations has run. We agree.

Our review of the record reveals no evidence showing the employee was aware of his rights under the state workers' compensation system at any

---

[4]Kaiser contended at oral argument that the employee was not "disabled" within the meaning of section 5412 because he was allegedly retired and not currently employed. This contention was never made to the Board in the petition for reconsideration and may not be asserted for the first time here. (§ 5904; 1 Hanna, *op. cit. supra,* § 10.08[6], p. 10-42.5.) Assuming arguendo petitioner was, in fact, retired and not working, the contention still misses the mark. "Disability" as used in section 5412 refers to an impairment of *bodily functions* which in turn impair the worker's earnings *capacity* or *physical ability* to work. (*J. T. Thorp, supra,* 153 Cal.App.3d at p. 336.) The employee's status as a retiree has no bearing on his physical *ability* to work.

time before Kaiser's claim was filed. We must conclude respondents have failed to meet their burden in establishing Kaiser's claim was untimely. We therefore reverse the Board's opinion and order.

## II

Although we must reverse the Board's finding that Kaiser's claim was untimely, we note that on remand respondents may be able to show the employee actually knew of his rights under the state workers' compensation system at a time early enough to cause the statute of limitations to run. The employee was obviously aware of the industrial causation of his injury and of his federal workers' compensation rights. It is not unlikely he was also aware of his rights under the state workers' compensation system. For guidance on remand we address other contentions that Kaiser would undoubtedly assert again in the event of a showing of the employee's knowledge of his rights under the state Act. (See *Searle* v. *Allstate Life Ins. Co.* (1985) 38 Cal.3d 425, 440 [212 Cal.Rptr. 466, 696 P.2d 1308]; *Isaacs* v. *Huntington Memorial Hospital* (1985) 38 Cal.3d 112, 132 [211 Cal.Rptr. 356, 695 P.2d 653].)

■ Kaiser contends the statute of limitations did not begin to run against it because the employer never furnished Kaiser, *the medical provider,* a notice of rejection of liability. The "notice of rejection of liability" is a creature of statute, section 5402, and the administrative regulations interpreting it. (See *Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd., supra,* 39 Cal.3d at pp. 61-66; *Reynolds* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 726, 728-730 [117 Cal.Rptr. 79, 527 P.2d 631]; 2 Witkin, Summary of Cal. Law (8th ed. 1984 supp.) Workmen's Compensation, § 244A, p. 166.) Section 5402 provides in pertinent part that "Upon receiving such knowledge [of an employee's injury for which he might be entitled to benefits], the employer shall notify *the injured employee* . . . that he may be entitled to benefits under this division." (Italics added; see *Hurwitz* v. *Workers' Comp. Appeals Bd.* (1979) 97 Cal.App.3d 854, 868 [158 Cal.Rptr. 914].)

■ Of course, a rule of liberal construction should be applied to all aspects of workers' compensation law. (*LeBoeuf* v. *Workers' Comp. Appeals Bd.* (1983) 34 Cal.3d 234, 241 [193 Cal.Rptr. 547, 666 P.2d 989].) This does not mean, however, that courts are free to disregard the statutes comprising the Act. These statutes are to be given effect according to the usual, ordinary import of the language employed in framing them. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) Moreover, the statutory scheme must be interpreted

to reflect the intent of the Legislature. (*Fuentes* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 8 [128 Cal.Rptr. 673, 547 P.2d 449].) The rule of liberal interpretation provides a means of resolution of *ambiguities* in statutory language. (*In-Home Supportive Services* v. *Workers' Comp. Appeals Bd.* (1984) 152 Cal.App.3d 720, 733 [199 Cal.Rptr. 697].)

■ Here, section 5402 requires that notice be given to "the injured employee," not to the "applicant" or "party in interest" or "medical provider." We believe the term "injured employee" is not sufficiently vague to permit us to say it means "medical provider." Moreover, the purpose of the notice requirement at issue is "to protect and preserve the rights of an injured employee who may be ignorant of the procedures or, indeed, the very existence of the [workers'] compensation law." (*Reynolds* v. *Workmen's Comp. Appeals Bd.*, *supra*, 12 Cal.3d at p. 729.) The Legislature has apparently concluded medical providers, such as Kaiser, do not need notice from the employer to inform them of their rights under the Act.

Petitioner claims *Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd. (Webb)*, *supra*, 19 Cal.3d 329 *imposes* a requirement that the medical provider be given the notice. That case does not so hold. There the employer in fact furnished a notice of rejection of liability to Kaiser and the case merely held that Kaiser, once having received the notice, should have filed its claim within one year thereafter. (*Id.*, at pp. 336-337.) The question whether the employer was *required* to send notice of rejection of liability to a medical provider was not at issue. The court merely noted in passing, "Such notice is required *in most cases* by administrative regulation. (Cal. Admin. Code, tit. 8, §§ 9816, 9817, 9859.)" (*Id.*, at p. 332, italics added.) We have examined the cited regulations[5] which were also in effect when Kaiser's claim arose (these were repealed in 1983; see Cal. Admin. Code, tit. 8, § 9810 and HISTORY thereto). The regulations required the employer to furnish notice to the employee or his dependents in case of death, with a copy to the Administrative Director of the Division of Industrial Accidents. They did not require notice to a medical provider. Nor do current regulations require the employer to give notice to a medical provider. (See Cal. Admin. Code, tit. 8, §§ 9811, 9812.)

Since neither section 5402 nor its derivative regulations required an employer to notify a provider of medical services of the employer's denial of liability for payment of benefits, the employer had no such duty. Since

---

[5]Section 5402 provides in pertinent part: "Such notice by the employer shall be within the time period and in the manner prescribed by the administrative director [of the Division of Industrial Accidents] for such purpose."

Kaiser had no right to receive notice, any failure on its part to receive notice could not toll the statute of limitations.

### III

 Kaiser also contends the injured employee's filing for benefits under the federal Longshoremen's and Harbor Workers' Compensation Act (LHWCA) (33 U.S.C. §§ 901-950) tolled the period in which Kaiser had to file *its own* application for benefits under the state Act. We conclude that, on the record presented, Kaiser has failed to meet its burden of proving the statute of limitations should be tolled by the employee's pursuit of the federal claim.

 Kaiser correctly asserts the federal LHWCA does not preempt application of state workers' compensation schemes to injuries arguably within the coverage of the federal act. (See *Sun Ship, Inc.* v. *Pennsylvania* (1980) 447 U.S. 715 [65 L.Ed.2d 458, 100 S.Ct. 2432].) Thus, assuming arguendo the federal act furnished Kaiser a remedy, Kaiser was nonetheless entitled to bring a timely application for benefits under California's Act.

 In *Elkins* v. *Derby* (1974) 12 Cal.3d 410 [115 Cal.Rptr. 641, 525 P.2d 81, 71 A.L.R.3d 839] our Supreme Court held the one-year statute of limitations on tort actions (Code Civ. Proc., §§ 335, 340, subd. (3)) was tolled by the injured worker's timely filing of a workers' compensation claim. (Pp. 413-420.) In *Elkins* the court explained that "regardless of whether the exhaustion of one remedy is a prerequisite to the pursuit of another, if the defendant is not prejudiced thereby, the running of the limitations period is tolled '[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one.'" (*Elkins* v. *Derby, supra,* 12 Cal.3d at p. 414, quoting *Campbell* v. *Graham-Armstrong* (1973) 9 Cal.3d 482, 490 [107 Cal.Rptr. 777, 509 P.2d 689]; see *Addison* v. *State of California* (1978) 21 Cal.3d 313, 317-318 [146 Cal.Rptr. 224, 578 P.2d 941].)[6]

As we noted above, the running of the statute of limitations under the Act is an affirmative defense. (§ 5409; *Kaiser Foundation Hospitals* v. *Workers'*

---

[6]It has been held that an injured worker's filing a claim under his state workers' compensation act tolls the one-year statute of limitations on the worker's filing a claim under the LHWCA. (*Ingalls Shipbldg. Div., Litton Systems* v. *Hollinhead* (5th Cir. 1978) 571 F.2d 272, 273.) In that case the court relied on a fundamental theory underlying statutes of limitations: that a claimant forfeits his rights only when he inexcusably delays asserting them. (P. 274.) There, the court reasoned the injured worker's asserting his rights under his state's workers' compensation act justified his delay in bringing his own claim under the federal statute. We view this case as an application of the tolling rule of *Elkins* v. *Derby, supra,* 12 Cal.3d at p. 414.)

*Comp. Appeals Bd., supra,* 39 Cal.3d at p. 67, fn. 8.) The burden of proof rests upon the party holding the affirmative of the issue. (§ 5705.) Thus, in the instant case, the burden of producing evidence sufficient to show Kaiser's claim was barred by the statute of limitations is upon respondents who have asserted the statute as a defense. (*Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd., supra,* 39 Cal.3d at p. 67, fn. 8; see *Colonial Ins. Co.* v. *Ind. Acc. Com.* (1945) 27 Cal.2d 437, 441 [164 P.2d 490].)

■ However, as a general rule, where a claimant asserts exemptions, exceptions, or other matters which will avoid the statute of limitations, the burden is on the claimant to produce evidence sufficient to prove such avoidance. (*Colonial Ins. Co., supra,* at p. 441; *New Amsterdam C. Co.* v. *Indus. Acc. Com.* (1924) 66 Cal.App. 86, 89-90 [225 P. 459].) Consequently, once respondents produced evidence showing Kaiser's claim was barred by the statute, the burden shifted to Kaiser to produce evidence sufficient to prove the statute was tolled because Kaiser or the employee was pursuing another legal remedy reasonably and in good faith. (See *Campbell* v. *Graham-Armstrong, supra,* 9 Cal.3d at p. 490, followed in *Elkins* v. *Derby, supra,* 12 Cal.3d at p. 414.)[7]

■ Kaiser's evidence before the Board on this issue was manifestly insufficient. Kaiser admitted it was not a party to the employee's proceedings under the federal act; consequently, *Kaiser* was pursuing no legal remedy at all.

Nor did Kaiser show the statute of limitations was tolled by the employee's pursuit of the federal remedy. The only evidence before the Board on the issue showed simply that the employee, Williams, was pursuing a claim for benefits under the federal act. ■ However, as we shall explain, the mere fact an employee has filed a claim for benefits under the LHWCA does not mean the employee will receive reimbursement for medical services rendered the employee in connection with his industrial disease or injury.

Subdivisions (a) and (b) of section 907 of title 33 of the United States Code require that an employee receive medical care, furnished by his employer, with the right to choose an attending physician authorized by the Secretary of Labor. Except in an emergency, the federal act does not au-

---

[7]In *Kaiser Foundation Hospitals, supra,* 39 Cal.3d at page 67, footnote 8, our Supreme Court assigned the burden of proving an employee's actual knowledge of his rights under the state Act to the employer. The court did not purport to change the rule established in *Colonial Ins. Co.* v. *Ind. Acc. Com., supra,* 27 Cal.2d at page 441, that the burden of showing matters which avoid the statute of limitations is on the claimant. Because *Kaiser Foundation Hospitals* departs silently from that rule we will limit its application to the particular context in which it arose. We do not read *Kaiser Foundation Hospitals* as altering the rule of *Campbell* and *Elkins.*

thorize reimbursement for medical services provided by physicians or health care providers who are *not* authorized by the secretary. (33 U.S.C. § 907(c)(1)(C).) Moreover, subdivision (d) of section 907, which is set out in full in the margin,[8] places additional conditions on an employee's right to recover compensation for treatment. Among these are a requirement that the employer shall have refused or neglected to provide treatment, that a physician shall have furnished a prescribed report of treatment to the employer and the deputy commissioner, and that an employee consent to reasonable examination by a physician selected by the employer. Where these statutory conditions are not complied with, an employee cannot receive reimbursement for medical expenses. (*Slattery Associates, Inc.* v. *Lloyd* (D.C. Cir. 1984) 725 F.2d 780; *Maryland Shipbuilding and Drydock Co.* v. *Jenkins* (4th Cir. 1979) 594 F.2d 404.)

In the instant proceeding Kaiser presented no evidence before the Board showing it was authorized by the Secretary of Labor to provide treatment under the federal act, nor that the employer had refused to provide treatment, nor that statutory notice had been given to the employer. Indeed, Kaiser presented no evidence showing the employee had even made a claim for reimbursement of medical expenses under the LHWCA.

In short, Kaiser made no showing whatsoever that the employee's pursuit of his federal LHWCA claim has any reasonable prospect of collecting the medical expenses Kaiser seeks. Consequently, in the federal proceeding neither Kaiser nor the employee is pursuing a "legal remedy" for collection

---

[8]Title 33 United States Code section 907(d) provides: "(1) An employee shall not be entitled to recover any amount expended by him for medical or other treatment or services unless—

"(A) the employer shall have refused or neglected a request to furnish such services and the employee has complied with subsections (b) and (c) of this section and the applicable regulations; or

"(B) the nature of the injury required such treatment and services and the employer or his superintendent or foreman having knowledge of such injury shall have neglected to provide or authorize same.

"(2) No claim for medical or surgical treatment shall be valid and enforceable against such employer unless, within ten days following the first treatment, the physician giving such treatment furnishes to the employer and the deputy commissioner a report of such injury or treatment, on a form prescribed by the Secretary. The Secretary may excuse the failure to furnish such report within the ten-day period whenever he finds it to be in the interest of justice to do so.

"(3) The Secretary may, upon application by a party in interest, make an award for the reasonable value of such medical or surgical treatment so obtained by the employee.

"(4) If at any time the employee unreasonably refuses to submit to medical or surgical treatment, or to an examination by a physician selected by the employer, the Secretary or administrative law judge may, by order, suspend the payment of further compensation during such time as such refusal continues, and no compensation shall be paid at any time during the period of such suspension, unless the circumstances justified the refusal."

of medical expenses within the meaning of *Elkins* v. *Derby, supra,* 12 Cal.3d at page 414. On the record presented Kaiser did not show it could take advantage of equitable tolling of the state Act's statute of limitations by the employee's pursuit of his federal remedy.

### IV

Kaiser finally contends, without citation of authority, that the WCJ somehow denied Kaiser due process when he decided to consider the statute of limitations question as a threshold issue before proceeding on to the merits of the claim.

The power of a WCJ to control the proceedings before him and to adjudicate issues sequentially is well established by statute and administrative regulation. (§ 5310; Cal. Admin. Code, tit. 8, § 10348; see 1 Hanna, *op. cit. supra,* § 5.04[5], pp. 5-26.9–5-26.10.) The record shows all parties, including Kaiser, agreed to early, severed resolution of the statute of limitations issue. Kaiser has failed to cite legal authority in support of its contention it was denied due process of law; we see no reason why constitutional due process would prohibit the sequential resolution of issues in the manner previously undertaken.

### DISPOSITION

The Board's decision that petitioner's claim is barred by the statute of limitations is annulled. The matter is remanded to the Board for further proceedings consistent with this opinion.

Regan, Acting P. J., and Evans, J., concurred.