Filed 2/25/15  Sardell v. Bresler CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JEFFREY SARDELL,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>DAVID BRESLER,<br><br>      Defendant and Appellant. | B252589<br>(Los Angeles County<br>Super. Ct. No. LS023630) |

APPEAL from an order of the Superior Court of Los Angeles County, Huey P. Cotton, Judge.  Affirmed.

Aron C. Movroydis; Roger Jon Diamond for Defendant and Appellant.

Esensten Law, Robert L. Esenten and Jordan S. Esenten for Plaintiff and Respondent.

Appellant David Bresler, Ph.D. was ordered by a workers' compensation judge (WCJ) to pay sanctions in the form of attorney fees to respondent Jeffrey Sardell. Bresler petitioned the Workers' Compensation Appeals Board (WCAB or Board), contending the WCJ lacked jurisdiction to award sanctions payable by him because he had not been properly served with notice. The WCAB affirmed the WCJ's order, finding that the WCJ had jurisdiction and that notice had been provided. Bresler did not seek appellate review of the Board's decision under the Labor Code. However, after a judgment enforcing the award was entered in the superior court, he moved to vacate it. He now appeals the superior court's denial of his motion to vacate. Finding that collateral estoppel precluded the trial court from granting the relief requested, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Workers' Compensation Proceedings*

    1. *Bresler's Lien*

This matter arises out of workers' compensation proceedings involving Allison Cole initiated in 1998 and 1999 and settled in July 2002. Respondent Sardell was the attorney for the employer's insurer in the initial stages of the proceedings. Bresler provided medical services to Cole, and in June 2003, filed a request for allowance of a medical lien.[1] He designated Legal Service Bureau (LSB), a non-attorney, lay representative, as his "[a]ttorney," and in the space on

---

[1] Under the Labor Code, the WCAB "may determine and allow as liens against any sum to be paid as compensation, reasonable medical expenses incurred by or on behalf of an injured employee . . . ." (*Hand Rehabilitation Center v. Workers' Comp. Appeals Bd.* (1995) 34 Cal.App.4th 1204, 1210; see Labor Code, § 4903.)

the application where he was to insert his own address, indicated mail should be sent to him "c/o [LSB]" at LSB's address.[2]

## 2. *Motions for Sanctions*

On June 3, 2008, after the insurer had been ordered to pay Bresler for medical services provided to Cole, LSB, acting in its capacity as Bresler's representative, filed a petition seeking sanctions from the insurer and from Sardell personally for making a "frivolous" motion for restitution of some of the funds paid.[3] On December 7, 2009, Sardell cross-filed a petition for sanctions. Sardell

---

[2]  As explained in *Longval v. Workers' Comp. Appeals Bd.* (1996) 51 Cal.App.4th 792, 798, nonattorney/lay representatives have been permitted to represent parties before the WCAB since 1917. The ability of nonattorney representatives to appear in workers' compensation proceedings is recognized in Labor Code section 5700, which states that a party may be represented "'by attorney . . . or by any other agent,'" and in Labor Code section 5501, which states that an application may be filed by an applicant's "'attorney . . . or other representative authorized in writing.'" (See *In re: Escamilla* (2013) 78 Cal. Comp. Cases 134, 139.) In 1991, Labor Code section 4903, subdivision (a), was amended, and now prohibits an award of fees to nonattorney representatives from an injured worker's recovery. (*Longval v. Workers' Comp. Appeals Bd.*, *supra*, at p. 798.) However, the amended statute contains "no restriction against nonattorney hearing representatives being paid directly by third parties. Hence, nonattorneys . . . have made careers representing lien claimants rather than injured workers." (*In re Escamilla*, *supra*, at p. 140.)

Although Bresler suggests in his brief that he "assigned" the lien to LSB, a declaration filed to support the lien claim stated that "no person or entity has ever purchased the alleged debt . . . ." (See *California Ins. Guarantee Assn. v. Workers' Comp. Appeals Bd.* (2012) 203 Cal.App.4th 1328, 1334-1337 [explaining that lienholder's hiring of third party to provide collection services for medical lien and to represent it before the WCAB did not result in assignment].)

[3]  Under Labor Code section 5813, a WCJ or the WCAB "may order a party, the party's attorney, or both, to pay any reasonable expenses, including attorney's fees and costs, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay." Section 10561 of title 8 of the California Code of Regulations defines "[b]ad faith actions" or "tactics that are frivolous or solely intended to cause unnecessary delay" to include "[b]ringing a claim, conducting a

*(Fn. continued on next page.)*

3

ceased representing the insurer on February 3, 2010, but continued to attend hearings, representing himself, for the purpose of opposing Bresler's petition for sanctions and advocating in favor of the competing motion.

A mandatory settlement conference was held January 31, 2011, at which LSB's Daniel Escamilla appeared for Bresler, and offered exhibits. The pending sanctions motions were set for trial April 19, 2011. On February 8, 2011, the insurer served a notice of the trial date on all parties in accordance with the official address register, pursuant to which Bresler's copy was sent to LSB.

At the hearing on April 19, the WCJ heard evidence and thereafter permitted the parties to file posttrial briefs. On May 26, 2011, the WCJ issued its "[j]oint [f]indings and [o]rder," finding that "by filing the [June 2008] petition for costs and sanctions, lien claimant [Bresler] engaged in bad faith actions and tactics that are frivolous or solely intended to cause unnecessary delay." Accordingly, the WCJ denied Bresler's petition for sanctions and awarded sanctions -- attorney's fees and costs in the amount of $1,972.81 -- to the insurer, awarding Sardell separately an amount "to be adjusted between the parties with jurisdiction reserved to the WCAB."[4] A petition for reconsideration and supplemental petition for reconsideration were filed on behalf of Bresler, which the WCAB denied.

---

defense, or asserting a position . . . that is: (i) indisputably without merit, (ii) done solely or primarily for the purpose of harassing or maliciously injuring any person, and/or (iii) done solely or primarily for the purpose of causing unnecessary delay or a needless increase in the cost of litigation . . . ." (Tit. 8, Cal. Code Regs., § 10561, subd. (b)(B)(6).) Section 10561 also provides that "for purposes of this rule and Labor Code section 5813: (1) a lien claimant may be deemed a 'party' at any stage of the proceedings before the Workers' Compensation Appeals Board . . . ." (*Id*., subd. (e).)

[4] The order was served on the parties, again using the official address register. The order was subsequently amended to state that the insurer was owed $10,713.84. The amended order was served in the same manner as the original.

### 3. *Determination of Sanctions Owed to Sardell*

Sardell's attempts to adjust the fees and costs as instructed by the May 26, 2011 order were unsuccessful. In August 2011, he filed a "Declaration of Readiness to Proceed" in an attempt to resolve the matter. Another mandatory settlement conference took place on November 28, 2011. Neither Bresler nor LSB attended. Trial to determine the amount due Sardell was scheduled for February 16, 2012. Sardell served notice on LSB, and also served Bresler with notice of the February 16 trial date at a new address on Santa Monica Boulevard.[5]

Daniel Escamilla appeared at the February 16, 2012 hearing and stated he represented LSB only. The issue of LSB's liability was withdrawn from consideration and Escamilla left the hearing. The hearing continued. Sardell presented evidence that he had made numerous attempts to resolve the sanctions issue with Escamilla until November 2011, when Escamilla informed him he was no longer representing Bresler; thereafter, Sardell wrote directly to Bresler seeking to resolve the matter, but received no response. The WCJ found that Sardell was "entitled to the full amount of his costs," and issued an order dated February 23, 2012 instructing Bresler to pay Sardell $37,120.[6]

---

[5] Sardell represented at the February 2012 hearing that he had been informed by Escamilla on November 28, 2011, that LSB no longer represented Bresler. Bresler did not dispute that the address to which this notice was sent was his.

[6] In the meantime, in November 2011 and February 2012, the insurer obtained a certification for execution and filed a request for entry of judgment in the superior court, which were served on Bresler. (See Lab. Code, § 5806 [any party affected by an order, decision or award of the WCAB "may file a certified copy . . . with the clerk of the superior court"; "[j]udgment shall be entered immediately by the clerk in conformity therewith."].) In May 2012, Bresler entered into a settlement with the insurer which resolved its claims for sanctions. The settlement agreement stated: "Lien claimant understands and stipulates that this should not be construed as having any effect on past, present or future claims by Jeffrey Sardell who acted as the attorney for [the insurer] in the Cole case before his replacement . . . ."

### 4. *WCAB Consideration of the Jurisdictional and Notice Issues*

On March 21, 2012, Bresler, acting in propria persona, filed a petition for reconsideration, contending that neither the WCJ nor the WCAB had jurisdiction over him personally or the power to award sanctions payable by him. He did not deny that his named representative, LSB, had filed the lien claim and the June 2008 motion for sanctions on his behalf, that LSB had been served with moving papers concerning the requests for sanctions against him and notices of the dates of the hearings by mail, or that LSB appeared and represented him at the first trial on the motion for sanctions in April 2011 and in the petition for reconsideration.[7] He did not expressly deny receiving notice of the February 16, 2012 trial date or claim that he had been surprised by LSB's announcement at the February 2012 hearing that it no longer represented him. Instead, he contended that the Board lacked jurisdiction over him personally, and that jurisdiction could be obtained only by "service of summons" under the procedures outlined in Code of Civil Procedure section 413.10 et seq., or by his making a "general appearance." He denied having made a general appearance in the workers' compensation proceeding by filing the lien claim or by moving for sanctions against Sardell and the insurer. Bresler further contended that the award to Sardell was outside the jurisdiction of the Board, as Labor Code section 5813 permits the award of attorney fees "incurred by another party" and Sardell was neither a party nor a party's representative when most of his fees were incurred.[8]

---

[7]     To the contrary, Bresler stated in his petition that LSB had received documents filed with the WCAB pertaining to the lien claim and the sanctions request until November 9, 2011.

[8]     Bresler also raised nonjurisdictional contentions:  that Sardell had inflated his hourly rate prior to submitting his bills to the WCJ for consideration, and that the amount awarded was excessive.

The WCJ prepared a report and recommendation, concluding that by filing a lien, Bresler became a party to the proceeding, that he made appearances through his hearing representative Escamilla, who litigated both the medical lien and a petition for costs and sanctions on his behalf, and that Sardell was a party to the petition for sanctions. The WCJ cited regulations governing workers' compensation proceedings which established that the filing of a lien establishes personal jurisdiction over the lien claimant.[9] The WCJ observed that Bresler "[did] not complain that he did not receive notices of the hearings in these cases."

The WCAB, by order dated September 25, 2012, affirmed the WCJ's February 23, 2012 order, adopting the WCJ's report and recommendation. The WCAB found Bresler's contentions to be without merit: "Although he claims he is not a party in this proceeding, he filed a lien claim and generally appeared in the action through his representatives LSB and . . . Escamilla. . . . [¶] . . . [¶] [He] was identified numerous times as a party in the action on pleadings filed by [the] representatives LSB and . . . Escamilla. With regard to the issue of sanctions, . . . Bresler was specifically identified as the party seeking sanctions against Sardell in the June 3, 2008 Petition for Costs And Sanctions . . . ." Copies of notices served on Bresler were included in the record before the Board, along with copies of letters sent Bresler by Sardell. The WCAB found Bresler's contention that he was not personally served with documents unavailing because "the proofs of service in the record show that he was properly served by mail at his address of record with

_____

[9] Section 10364, subdivision (a), of title 8 of the California Code of Regulations provides that "any person in whom any right to relief is alleged to exist may appear, or be joined, as an applicant in any case or controversy before the [WCAB]. A lien claimant may become a party where the applicant's case has been settled by way of a compromise and release, or where the applicant chooses not to proceed with his or her case." Subdivision (b) provides: "Any person against whom any right to relief is alleged to exist may be joined as a defendant."

7

the [May 26, 2011] decision by the WCJ, and with notice of both the November 28, 2011 pretrial conference and the February 16, 2012 trial.  The file includes no document substituting or dismissing LSB and . . . Escamilla as . . . Bresler's representatives in the action, and the separate service upon them was also proper service upon . . . Bresler as a party to the proceeding.  [Citation.]  Moreover, . . . Sardell sent letters to . . . Bresler concerning the issue and those communications are not disputed.  There is no question that . . . Bresler had notice that the issue of the amount he owed Sardell pursuant to the [May 26, 2011] decision was pending before the WCAB. [¶] . . .  Bresler had notice of the [May 26, 2011] decision.  His petition for reconsideration of that decision was dismissed by the [WCAB] and . . . became final because it was not challenged in the Court of Appeal.  Thereafter, . . . Bresler received letters from . . . Sardell seeking to informally resolve the amount due, but he chose not to respond to those communications. . . .  Sardell then pursued a formal resolution of the issue by serving . . . Bresler and his representative with the Declaration of Readiness to Proceed, and with notice of both the November 28, 2011 pretrial conference and the February 16, 2012 trial.  Despite all those notices . . . Bresler lodged no objections and chose not to appear at either the pretrial conference or the trial.  Thus, his arguments that he was not properly notified of the action and was denied due process are without merit.  [¶] Due process [requires only] that a party be given notice of an action and opportunity to respond.  [Citation.]  Due process does not require that a party make effective use of the opportunity to be heard. . . .  Bresler's decision to not appear at either the pretrial conference or the trial does not invalidate the WCJ's February 23, 2012 decision."[10]  (Fn. omitted.)

---

[10]     With respect to the merits, the WCAB found that Sardell had "presented evidence on the hours of service he provided and the hourly rate he used to calculate the amount he
*(Fn. continued on next page.)*

Bresler did not seek review of this decision and it became final.

B. *Proceedings in the Trial Court*

1. *Entry of Judgment and Bresler's Motion to Vacate*

Following the decision of the WCAB, Sardell obtained a certification for execution and requested entry of judgment pursuant to Labor Code section 5806. Judgment was entered January 17, 2013.[11]

On July 12, 2013, nearly six months after the judgment had been entered, Bresler moved to vacate it, contending, as he had in his petition to the WCAB, that obtaining jurisdiction over him required service of a summons in accordance with the Code of Civil Procedure or a general appearance, and that the WCAB lacked jurisdiction to award attorney fees to Sardell under section 5813 because he was not a party. Bresler premised his motion on Code of Civil Procedure sections 473.5 and 663, and the court's "inherent equity power." He further contended that in the absence of jurisdiction over him or proper service of a summons, the judgment had been obtained through extrinsic fraud.

Bresler submitted a declaration in which he stated that he was "never aware that . . . an agent working on [his] behalf was engaged in conduct before the WCAB that warranted sanctions," was "never served with notice providing a date for which legal proceedings would be held against [him] for costs and attorney's fees," and was "never aware of any proceedings regarding costs or sanctions that

---

claimed. [Citation.] None of this evidence was rebutted, and Bresler provides no good reason for setting aside the WCJ's determination that [the evidence presented] support[ed] his February 23, 2012 decision."

11      While the parties dispute whether the record contains a certificate of mailing notice of entry of judgment by the clerk, there is no question Bresler received notice of entry, as he filed an objection to entry of judgment on February 25, 2013.

were pending against [him] until after [the WCJ's] order was issued on February 16, 2012."

The motion to vacate also included a declaration from LSB's Daniel Escamilla. Escamilla stated that until February 2012, all appearances on Bresler's behalf before the WCAB were by and through LSB, but that, in his view, LSB's representation was limited to the lien claim. Escamilla stated that he appeared at the February 2012 hearing on Sardell's petition for costs and advised the WCAB that he represented LSB, but not Bresler as an individual, and was not qualified to serve as Bresler's representative in the sanctions matter. After LSB was dismissed, Escamilla left the hearing.

In opposition, Sardell contended the motion to vacate was untimely, that the WCAB had jurisdiction over Bresler as a party to the workers' compensation proceeding as defined in the regulations, and that Bresler had been properly served with all documents by mail to his personal address or through LSB. He further contended that the motion to vacate was precluded by Bresler's failure to seek judicial review of the WCAB's September 2012 decision.

### 2. *Trial Court's Order*

Hearing on the motion to vacate was held October 11, 2013. The trial court denied the motion. The court found Code of Civil Procedure section 473.5 inapplicable and stated that even if it applied, Bresler had "actual notice . . . in time to defend the action" for purposes of that provision. The court further concluded that to the extent Bresler had any right to relief under Code of Civil Procedure

10

section 663, the motion was untimely.[12]  Bresler noticed an appeal within 60 days of the entry of the court's order denying the motion to vacate.[13]

## DISCUSSION

A. *The Denial of a Motion to Vacate is an Appealable Order*

Preliminarily, we address the appealability issues raised by Sardell.  An order denying a statutory motion to vacate a judgment is separately appealable as a special order after judgment.  (*Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1137; *Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394; *Jade K. v. Viguri* (1989) 210 Cal.App.3d 1459, 1469; see Code Civ. Proc., § 904.1, subd. (a)(2); Eisenberg et al., Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2009) ¶ 2.169, p. 2-94.)[14]  An appeal also may be taken from an order denying a motion to vacate a void judgment -- a judgment issued in the absence of fundamental jurisdiction -- or an order denying a motion to vacate a judgment obtained by extrinsic fraud.  (*Carr v. Kamins* (2007) 151 Cal.App.4th 929, 933-934; accord, *Doppes v. Bentley Motors, Inc.* (2009) 174

[12]   Although the court observed that Bresler had filed a petition for reconsideration with the WCAB and failed to seek writ relief after it was denied, it did not address whether Bresler was collaterally estopped from raising the issues in the motion to vacate by the WCAB's resolution of his March 2012 petition for reconsideration.  We sent a Government Code letter asking the parties to address this issue.  (See *Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 479, quoting *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1119, fn. 4 [reviewing court may decide a matter on different grounds than those invoked by the trial court:  "'[i]t is judicial action and not judicial reasoning which is the subject of review . . . .'"].)

[13]   Bresler elected to proceed without a reporter's transcript.

[14]   The appealability of motions to vacate brought under Code of Civil Procedure section 663 is the subject of conflicting authority.  (See discussion and cases cited in *City of Los Angeles v. Glair* (2007) 153 Cal.App.4th 813, 820-822.)  Because we conclude section 663 is not applicable here (see part B of Discussion, *infra*), we need not resolve this issue.

11

Cal.App.4th 1004, 1009; *Shisler v. Sanfer Sports Cars, Inc*. (2008) 167 Cal.App.4th 1, 5.)[15]

Determining the jurisdiction of the tribunal that issued an allegedly void judgment or order is a pure question of law, subject to independent review on appeal. (*Shisler v. Sanfer Sports Cars, Inc*., *supra*, 167 Cal.App.4th at p. 6.) The trial court's statutory interpretations also are independently reviewed. (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1230.) Any factual findings made by the trial court in resolving a motion to vacate are reviewed for substantial evidence. (*Ibid*.; *Ramos v. Homeward Residential, Inc*. (2014) 223 Cal.App.4th 1434, 1440-1441.)

B. *Code of Civil Procedure Section 663 Does Not Apply*

Bresler contends the court erred in failing to grant his motion to vacate pursuant to Code of Civil Procedure section 663. Section 663 provides: "A judgment or decree, when based upon a decision by the court, or the special verdict of a jury, may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a different judgment: [¶] 1. Incorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts . . . . [¶] 2. A judgment or decree

---

[15] Sardell contends the judgment itself cannot be void because the superior court had jurisdiction over Bresler. The superior court's jurisdiction is not the issue. Sardell's request to enter judgment and the court's entry of judgment on the WCJ's order allowed Bresler to attack the validity of that order. (See *Yu v. Signet Bank/Virginia* (1999) 69 Cal.App.4th 1377, 1385 [proponent of Virginia court judgment put Virginia court's jurisdiction over defendant at issue by asking California court to give judgment full faith and credit]; *Moore v. Kaufman* (2010) 189 Cal.App.4th 604, 616 [void order cannot be basis for valid contempt judgment].)

12

not consistent with or not supported by the special verdict." Section 663 "is designed to enable speedy rectification of a judgment rendered upon erroneous application of the law to facts which have been found by the court or jury or which are otherwise uncontroverted." (*Forman v. Knapp Press* (1985) 173 Cal.App.3d 200, 203.) A motion to vacate under Code of Civil Procedure section 663 lies only where a "different judgment" is compelled by the facts found by a judge or jury. (*Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1574.) As Bresler did not seek to have the judgment corrected to conform to findings of the trier of fact, he was not entitled to relief under section 663.[16]

---

[16] Bresler relied on Code of Civil Procedure section 473.5 below. He cites the provision once in his brief, but does not provide any reasoned argument to support that his motion should have been granted under that provision. Accordingly, he has abandoned any contention to that effect. We would find it inapplicable in any event. Section 473.5 applies where "service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her," in other words, where the party has been served, but for some reason, not related to inexcusable fault or neglect, the service did not provide actual notice in time for the defendant to appear and defend the action. (See, e.g., *Tunis v. Barrow* (1986) 184 Cal.App.3d 1069, 1077-1078 [relief provided under Code of Civil Procedure section 473.5 where service was by publication and defendant, who had not sought to avoid service or conceal his address, did not actually learn of the action until six months after entry of default judgment]; *Goya v. P.E.R.U. Enterprises* (1978) 87 Cal.App.3d 886, 892, fn. 3 [relief provided under Code of Civil Procedure section 473.5 where defendants were served with summons and complaint, but spoke only limited English and did not understand the nature of the documents].) "[S]ection 473.5 reflects the understanding that if any form of service of summons does not result in actual knowledge, fundamental fairness may require that a subsequent default be set aside." (*Olvera v. Olvera* (1991) 232 Cal.App.3d 32, 40.) Bresler now contends he was not served at all, not that constructive or substituted service failed to result in actual notice of the need to appear and defend.

13

C. *The Validity of the WCJ's Order Was Resolved in Bresler's Prior Petition to the WCAB, and His Failure to Seek Review of that Decision Precludes Reconsideration*

Bresler contends the trial court erred in failing to vacate the judgment under its inherent power. A court has inherent power to set aside a void judgment or order. (*County of San Diego v. Gorham*, *supra*, 186 Cal.App.4th at p. 1229; *Talley v. Valuation Counselors Group, Inc.* (2010) 191 Cal.App.4th 132, 152; 8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 206, pp. 811-812.)[17] A void judgment "is not entitled to the usual conclusive effect and equitable relief is allowed after the time for appeal, new trial, or other statutory means of review has expired." (8 Witkin, *supra*, Attack on Judgment in Trial Court, § 215, p. 823.) A void judgment "is subject to collateral attack at any time." (*Rochin v. Pat Johnson Manufacturing* (1998) 67 Cal.App.4th 1228, 1239; accord, *Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 830.) "A judgment is void if the court rendering it lacked subject matter jurisdiction or jurisdiction over the parties." (*Carlson v. Eassa* (1997) 54 Cal.App.4th 684, 691.) "'[A] default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void.'" (*Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 858; see also *In re Marriage of Kreiss* (1990) 224 Cal.App.3d 1033, 1039-1040 [failure to provide notice to opposing party of date, time and

---

[17] In addition, Code of Civil Procedure section 473, subdivision (d) provides that a court "may, on motion of either party after notice to the other party, set aside any void judgment or order." This provision "gave express statutory recognition to [the] inherent power of the court." (*Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 19, fn. 11.) A motion under Code of Civil Procedure section 473, subdivision (d) is not subject to the time limitations of section 473, subdivision (b) or section 473.5, subdivision (a), but may be made at any time. (*Falahati v. Kondo*, *supra*, 127 Cal.App.4th at p. 830.)

14

place of hearing sufficiently in advance to permit party to appear and protect his or her interest may result in void judgment or order].)

In addition, "[a] judgment against a party may be set aside in equity when it is obtained by extrinsic fraud . . . ." (*Parage v. Couedel* (1997) 60 Cal.App.4th 1037, 1044.) "The 'essential characteristic' of extrinsic fraud 'is that it has the effect of preventing a fair adversary hearing, the aggrieved party being deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from representing his claim or defense.'" (*Ibid*.) Equitable relief from such judgment "is allowed after the time for appeal, new trial, or other statutory means of review has expired." (8 Witkin, *supra*, Attack on Judgment in Trial Court, § 215, at p. 823.) The moving party need only demonstrate diligence in seeking to set aside the default once it was discovered. (*Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 48.) "'Relief is denied, however, if a party has been given notice of an action and has not been prevented from participating therein.'" (*Parage v. Couedel*, *supra*, 60 Cal.App.4th at p. 1044, quoting *Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 472.)

We are not persuaded by Bresler's contention that the order was void for lack of personal jurisdiction because the original motion for sanctions was not served in the manner of a summons. Bresler became a party to the workers' compensation proceeding by filing his lien claim. (See Cal. Code Regs., tit. 8, § 10364, subd. (a) [lien claimant becomes a party by filing a claim after the applicant's case has been settled]; see also *Permanente Medical Group v. Workers' Comp. Appeals Bd.* (1985) 171 Cal.App.3d 1171, 1178, quoting Lab. Code, § 5501 ["'The application [for benefits] may be filed with the appeals board by any party in interest, his attorney, or other representative authorized in writing.' This section includes medical provider claimants whose filing initiates the workers' compensation process as if the employee himself had filed a claim."].) The motion

15

for sanctions arose out of actions undertaken by the parties to enforce and defend the lien claim, and Bresler continued to be a party while it was litigated.

Nor are we persuaded by Bresler's contention that the sanctions award was the result of extrinsic fraud. Nothing in the record indicates Sardell or the insurer sought to keep Bresler uninformed of their motion for sanctions or of the hearing dates. From the beginning of the proceedings to November 2011, all papers and notices of all proceedings were served on LSB, who appeared and represented Bresler's interests until the November 2011 mandatory settlement conference. (See *In re Marriage of Armato* (2001) 88 Cal.App.4th 1030, 1042, quoting *Reynolds v. Reynolds* (1943) 21 Cal.2d 580, 583-584 ["'[D]uring the course of a proceeding service of papers on the attorney of record, where service upon the attorney is proper, binds the client until the attorney is discharged or substituted out of the case in the manner provided by law.'"]; *Allied Grape Growers v. Bronco Wine Co.* (1988) 203 Cal.App.3d 432, 449, fn. 12 ["Notice of a fact to an agent is deemed to be notice of that fact to the principal as well. [Citation.] Actual notice of a fact to a litigant's attorney is imputed to the litigant. [Citations.]"].) Bresler designated LSB as his representative, gave LSB's address as that of his representative and his own, and until his motion for sanctions was denied and Sardell's granted, never suggested that LSB was not representing him for all purposes related to the workers' compensation proceeding. After LSB stated it was no longer representing Bresler, Sardell served notice of the final hearing by mailing it directly to Bresler at an address Bresler has never denied was his.[18] Bresler's decision to avoid the hearing and rest on jurisdictional arguments appears to have been a deliberate litigation tactic, rather than the result of extrinsic fraud or failure to give notice.

---

[18]    As the WCAB noted, Bresler offered in evidence documents sent him by Sardell.

16

We need not, however, resolve Bresler's contentions on the merits. Although a void judgment or order is subject to collateral attack at any time, it does not follow that the proponent of a motion to vacate may repeatedly relitigate issues of jurisdiction and extrinsic fraud until he or she obtains the desired result. Collateral estoppel operates as a bar to consideration of such issues when the moving party had a full opportunity to present them in an earlier proceeding. (*Barker v. Hull* (1987) 191 Cal.App.3d 221, 226; *Preston v. Wyoming Pacific Oil Co.* (1961) 197 Cal.App.2d 517, 524-528; *Darlington v. Basalt Rock Co.* (1961) 188 Cal.App.2d 706, 710; see *MIB, Inc. v. Superior Court* (1980) 106 Cal.App.3d 228, 234 ["A court has power to determine whether or not it has jurisdiction of the subject matter of a suit and of the parties thereto. . . . 'The principles of res judicata apply to questions of jurisdiction as well as to other issues.'"].) The issue whether collateral estoppel applies is a question of law. (*Jenkins v. County of Riverside* (2006) 138 Cal.App.4th 593, 618.)

"The doctrine of collateral estoppel applies to workers' compensation proceedings." (*Rymer v. Hagler* (1989) 211 Cal.App.3d 1171, 1179 [where party failed to seek review of WCAB judge's adjudication of issue, order became final, and appellant was collaterally estopped from challenging ruling in civil suit].) In determining whether a second or subsequent attempt to attack an allegedly void WCAB order is barred, courts look to whether the jurisdictional issues were actually resolved by the WCAB in the earlier proceeding. *Fox v. Workers' Comp. Appeals Bd.* (1992) 4 Cal.App.4th 1196 illustrates a situation where the Board failed to properly consider a lien claimant's contentions that an order should have been vacated. There, a physician lien claimant failed to appear at the hearing set by the WCJ to determine the amount of his allowable lien, due to illness and the departure of the employee who was to represent him during the proceeding. (*Fox v. Workers' Comp. Appeals Bd., supra,* 4 Cal.App.4th at pp. 1199-1200.) More

17

than six months after the WCJ issued its order disallowing the lien, the physician filed a petition in the workers' compensation proceeding to set aside the order under Code of Civil Procedure section 473, including a declaration setting forth his reasons for failing to appear.[19] (*Fox v. Workers' Comp. Appeals Bd., supra,* at p. 1201.) The WCJ found the arguments concerning the lien claimant's health condition "'irrelevant,'" and the Board refused reconsideration. (*Fox v. Workers' Comp. Appeals Bd., supra,* at p. 1202.) The Court of Appeal reversed and remanded the matter to the Board for further proceedings, concluding that the WCJ had failed to properly address the issue presented by the Code of Civil Procedure section 473 motion: "The real issue before the WCJ . . . was whether Dr. Fox had presented grounds for relief from the dismissal for his failure to appear. Dr. Fox relied on his illness and the departure of a key employee, simultaneously, as the ground for his inaction [on the date of the hearing on his lien]. At no point did the WCJ specifically question the credibility of Dr. Fox. In his report and recommendation on Dr. Fox's petition for reconsideration by the Board, the WCJ stated that Dr. Fox's reasons for not appearing at the hearing . . . were 'irrelevant.'

---

[19] The doctor had also moved under Labor Code section 5506, which provides: "A defendant failing to appear or answer, or subsequently contending that no service was made upon him, or claiming to be aggrieved in any other manner by want of notice of the pendency of the proceedings, may apply to the appeals board for relief substantially in accordance with the provisions of Section 473 of the Code of Civil Procedure." The statute permits the Board to grant relief from default, but prohibits defaulting defendants from obtaining relief "in any court unless prior application is made to the appeals board in accordance with this section" and forbids "petition to any court . . . except as prescribed in Sections 5950 and 5951 [permitting parties aggrieved by a decision of the WCAB to "apply to the Supreme Court or to the [C]ourt of [A]ppeal for the appellate district in which he resides, for a writ of review" (Lab. Code, § 5950.)]." The court found that Labor Code section 5506 applies only to "defendants" seeking relief from default, not to lien claimants (*Fox v. Workers' Comp. Appeals Bd.*, *supra*, 4 Cal.App.4th at p. 1205), and that "[t]here does not appear to be any specific statutory provision for relief from default for lien claimants." (*Ibid.*)

If it is true that the facts upon which Dr. Fox relied to establish 'mistake, inadvertence, surprise, or excusable neglect' were considered irrelevant by the WCJ, the WCJ misunderstood what he was supposed to decide." (*Fox v. Workers' Comp. Appeals Bd.*, *supra,* at p. 1206.)

Additionally, in determining whether to bar a second or subsequent attempt to attack an allegedly void judgment or order courts look to "whether the person attacking [it] made a detailed presentation of the issues of fraud or mistake on his motion to vacate, or was given a full opportunity at the time of the hearing to develop the issues," including, if necessary, "by oral testimony." (*Rohrbasser v. Lederer* (1986) 179 Cal.App.3d 290, 298.) In his petition to the WCAB, Bresler did not rely on an evidentiary showing to support his jurisdictional contentions. Rather, he contended (1) that the failure to personally serve him precluded assertion of jurisdiction or the award of sanctions as a matter of law; (2) that service of notices and moving papers on LSB did not suffice to give him notice of the request for sanctions or the hearings on the issue; (3) that his appearance as a lien claimant and request for sanctions from Sardell and the insurer was not a general appearance; and (4) that the WCAB lacked authority to award attorney fees to Sardell incurred after he ceased representing the insurer. None of the issues raised was the subject of disputed facts. It was undisputed that until November 2011, all papers relating to the motion for sanctions and notices of hearing were mailed to LSB. Notably, before the WCAB, Bresler never denied knowing of the February 2012 hearing to determine the amount of sanctions.

Moreover, in contrast to *Fox*, neither the WCJ nor the WCAB disregarded Bresler's jurisdictional contentions or deemed them irrelevant. In his report and recommendation, the WCJ found that Bresler was a "party" to the proceeding under the pertinent regulations by virtue of having filed a medical lien, and that Sardell's status as a party to the petition for sanctions justified the relief accorded

19

him. The WCAB reviewed the matter independently and found that Bresler was a party to the proceeding, having generally appeared by filing his lien claim and by seeking sanctions from the insurer and Sardell. It further found that service through LSB during the proceedings provided notice to Bresler, and that Sardell had, in any event, served notice of the February 16, 2012 hearing date to Bresler at his own address, providing a final opportunity to appear and defend.[20]

Bresler could have, but did not, seek review of the WCAB's decision under Labor Code sections 5950 and 5951, which permit an application for writ of review to the Court of Appeal to be filed within 45 days after the WCAB's decision. Instead, he waited until the Board's decision became final and judgment was entered to file the underlying motion to vacate, repeating his claims that the Board lacked jurisdiction over him because Sardell's motion for sanctions was not served on him in the manner of a summons. In his declaration, he attempted to raise new factual issues, contending that he was "never served with notice providing a date for which legal proceedings would be held against [him] for costs and attorney's fees" and "was never aware of any proceedings regarding costs or sanctions that were pending against [him] until after an order was issued on February 16, 2012."[21] A party cannot "'by negligence or design withhold issues

---

[20]     In *Groves v. Peterson* (2002) 100 Cal.App.4th 659, this court held that collateral estoppel did not bar a party who had unsuccessfully moved for relief from default on the grounds of invalid service from pursuing an independent action in equity to vacate the judgment, where the motion had been rejected not on the merits, but on the ground that it was untimely. (*Id.* at p. 670.) Here, the WCAB addressed and resolved Bresler's challenges to jurisdiction on the merits.

[21]     As noted, in his petition to the WCAB, Bresler did not claim to have been unaware of the final hearing. In his declaration, he did not explain how he could have been unaware, given the evidence presented by Sardell and found by the WCAB to be true, that Sardell mailed notice of the February hearing directly to Bresler, and contacted him prior to the hearing in an attempt to informally resolve the matter.

and litigate them in consecutive actions'" (*Warga v. Cooper* (1996) 44 Cal.App.4th 371, 377-378, quoting *Sutphin v. Speik* (1940) 15 Cal.2d 195, 202), or "escape the bar of the prior decision[] by asserting that . . . [he has] other evidence which was not introduced in the earlier proceedings." (*MIB, Inc. v. Superior Court*, *supra*, 106 Cal.App.3d at p. 235; see *Direct Shopping Network, LLC v. James* (2012) 206 Cal.App.4th 1551, 1562, quoting *Evans v. Celotex Corp.* (1987) 194 Cal.App.3d 741, 747 ["'An exception to collateral estoppel cannot be grounded on the alleged discovery of more persuasive evidence. Otherwise, there would be no end to litigation.'"].) After the WCJ's February 16, 2012 order was filed, Bresler had notice and ample opportunity prior to filing his March 2012 petition to present any evidence he wished to support his contention that the order was void or the result of extrinsic fraud. He does not identify on appeal any evidence he sought to present in support of his claims of lack of jurisdiction and extrinsic fraud that the Board refused to consider. Accordingly, the WCAB's decision became final and barred the underlying motion to vacate the judgment, filed ten months later. The trial court did not err in denying the motion to vacate.

## DISPOSITION

The order denying the motion to vacate is affirmed.  Sardell is awarded costs on appeal.  Sardell's motion for sanctions is denied.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, J.


We concur:


EPSTEIN, P. J.


WILLHITE, J.

22